Syllabus.

BENJAMIN POYER

v.

THE VILLAGE OF DES PLAINES.

*Filed at Ottawa November 11, 1887.*

1. CRIMINAL PROCEEDING—*prosecution under city ordinance.* Ordinances of towns and cities for the protection of persons and property and preservation of peace and good order, and proceedings under them, although civil in form, to recover a penalty, are *quasi* criminal in character.

2. CHANCERY—*jurisdiction—to restrain a criminal or quasi criminal prosecution.* Courts of equity will not, as a general rule, interfere to restrain criminal or *quasi* criminal prosecutions, or take jurisdiction of any case or matter not strictly of a civil nature.

3. SAME—*as, in case of prosecutions under city or village ordinance.* Where ordinances have been enacted by the proper authorities, a court of equity will not interfere, by injunction, to restrain their enforcement in the appropriate courts, upon the ground that such ordinances are alleged to be illegal, or because of the alleged innocence of the party charged. Nor will that court enjoin such proceedings for the purpose of determining the validity of the ordinance in a court of law, when the defendant has an adequate remedy at law for any injury he may sustain.

4. SAME—*to prevent irreparable injury—and a multiplicity of suits.* There are two exceptions, clearly recognized, to the rule that courts of equity will not interfere to restrain trespasses, whether committed under the forms of law or otherwise, which are, first, to prevent irreparable injury; and second, to prevent a multiplicity of suits.

5. Before a court of equity will interfere to prevent a trespass or an illegal prosecution under an ordinance, upon the ground of irreparable injury, facts and circumstances must be alleged from which it may be seen that irreparable mischief will be the result of the act complained of, and that the law can afford the party no adequate remedy. A general allegation to that effect will not suffice.

6. To entitle a party to maintain a bill of peace, or bill to prevent a multiplicity of suits at law, there must be a right claimed affecting many persons. If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will not lie, unless the complainant's right has been established at law.

7. INJUNCTION—*damages on dissolution.* On the dissolution of an injunction, which defeats the object of the bill, the court may, at the same time, grant leave to the defendant to file suggestions of damages, and give him time in which to do so, which it may, in effect, do, by continuing the

| 123 | 111 |
|---|---|
| 40a | 495 |
| 123 | 111 |
| 148 | 380 |
| 148 | 401 |
| 123 | 111 |
| 52a | 434 |
| 52a | 613 |
| 123 | 111 |
| 156 | 509 |
| 158 | 513 |
| 47a | 76 |
| 123 | 111 |
| 74a | 474 |
| 75a | 296 |
| 123 | 111 |
| 175 | 451 |
| 176 | 32 |
| 78a | 312 |
| 123 | 111 |
| 180 | 108 |
| 123 | 111 |
| 88a | 317 |
| 123 | 111 |
| d90a | 5439 |
| 123 | 111 |
| 101a | 1592 |
| 123 | 111 |
| 201 | 3163 |

case; and in that event the court will not lose jurisdiction by subsequent continuances.

8. ORDINANCE—*valid in part and in part void.* If there are several prohibitions in an ordinance, some of which are void and others valid, if a penalty is provided applying to each offence separately, the ordinance may be enforced as to offences in respect to which it is valid, as if the void parts had been omitted, and a prosecution will be presumed to be under that part of the ordinance which is valid.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

This was a bill filed by appellant to restrain the village of Des Plaines from prosecuting seven suits then pending, and to restrain others threatened, under the following ordinance:

"*Be it ordained by the president and board of trustees of the village of Des Plaines:*

"Sec. 1. That all public picnics and open air dances within the limits of said village are hereby declared to be nuisances.

"Sec. 2. That for any person or persons to rent, use, or allow to be used, any yard, ground, grove or other real estate within the corporate limits of the village of Des Plaines, for public picnic purposes, or to permit or in any way allow the use of such property for any purpose by which disorderly persons are gathered in or about said village of Des Plaines, shall constitute and is hereby declared to be a nuisance. Any person creating or permitting any nuisance mentioned and declared in this ordinance to exist, having the right or power to abate the same, shall be subject to a fine of not less than $50 and not exceeding $100 in every case; and each renting, using or allowing to be used of any such premises for the purposes aforesaid, or any of them, shall be deemed the creating of a nuisance, and the author thereof be subject to a like fine."

Passed and approved the 10th day of May, 1883.

The allegations of the bill sufficiently appear in the opinion of the court to understand the points determined. A general demurrer was sustained and the bill dismissed.

Mr. JOHN GIBBONS, for the appellant:

The ordinance, in so far as it attempts to prohibit all picnics and out-door amusements, has been adjudged invalid. That a court of equity may enjoin prosecutions under invalid ordinances, see *Wood* v. *Brooklyn*, 14 Barb. 425; *Railroad Co.* v. *Mayor*, 54 N. Y. 159; *West* v. *Mayor*, 10 Paige, 539; *Gartside* v. *East St. Louis*, 43 Ill. 47; *Butler's Appeal*, 73 Pa. St. 448; *Mayor* v. *Radeke*, 49 Md. 217; *Page's case*, 34 id. 564; *Mayor* v. *Pilkington*, 2 Atk. 302; *Frewin* v. *Lewis*, 4 M. & C. 249; *Burnett* v. *Craig*, 30 Ala. 135.

Where irreparable injury will result from a nuisance, a court of equity will enjoin the same. (*Wahle* v. *Reinbach*, 76 Ill. 322.) And while such court will not interfere to prevent a single trespass when the person committing or threatening it is able to respond in damages, yet when he is insolvent, or when trespasses of a grave character are threatened to be repeated, equity will interfere. *Owens* v. *Crossett*, 105 Ill. 354; *Hamilton* v. *Stewart*, 59 id. 330; *Railway Co.* v. *Chicago*, 96 id. 620; *Goodell* v. *Lassen*, 69 id. 145; *Gardener* v. *Village of Newburg*, 6 Johns. Ch. 162.

The suggestion of damages filed long after the expiration of the term at which the injunction was dissolved, came too late. *Albright* v. *Smith*, 68 Ill. 181.

Messrs. STILES & LEWIS, and Mr. C. S. CUTTING, for the appellee:

The court had no jurisdiction to enjoin the prosecution of suits at law under the ordinance, even if it was void, there being a complete remedy at law. *Yates* v. *Village of Batavia*, 79 Ill. 500; *Phillips* v. *Stone Mountain*, 61 Ga. 386; *Garrison* v. *City of Atlanta*, 68 id. 64; *Pierce* v. *City of Little Rock*, 39 Ark. 412; *Medical Institute* v. *Hot Springs*, 34 id. 559; *Burnett* v. *Craig*, 30 Ala. 135; *Cohen* v. *Goldsboro*, 77 N. C. 2; *Devron* v. *First Municipality*, 4 La. Ann. 11; *Levy* v. *City of*

*Shreveport,* 27 id. 620; *Gaertner* v. *Fond du Lac,* 34 Wis. 497; *Torpedo Co.* v. *Clarendon,* 19 Fed. Rep. 231.

A general allegation of irreparable injury is not sufficient to give equitable jurisdiction. *Johnson* v. *Kier,* 3 Pittsb. 204; *Ameling* v. *Seekamp,* 4 G. & J. 468; 1 High on Injunctions, 34.

The assessment of damages was properly had at a succeeding term. The case of *Albright* v. *Smith, supra,* does not apply.

Mr. Justice Shope delivered the opinion of the Court:

The purpose of the bill filed in this case was to restrain the village of Des Plaines, its officers and others, from prosecuting seven suits pending against the complainant for violations of an ordinance of said village, and from instituting other prosecutions for other alleged offences under such ordinance. The preamble to the ordinance in question recites, that by reason of the holding of public picnics, etc., within the village, the disorderly and vicious classes had gathered and congregated in the village, from Chicago and other places to which the village is adjacent, and that the peace of the community had been disturbed thereby, and the persons and the property of the residents therein rendered unsafe; that the police of the village was powerless to protect persons and property within the village against such disorderly persons so gathered at picnics and like assemblages. The bill alleges, in substance, that complainant has grounds within the village which he has fitted for picnics and other out-door amusements, and that the assemblages upon his grounds have been orderly and well conducted. It then avers the invalidity of the ordinance, and that the prosecutions, seven in number, have been maliciously brought to ruin his business and reputation, and that he will suffer irreparable injury therefrom unless the same are enjoined; that upon trial of one of the cases he was found guilty, and a fine of $50 assessed against him, from which he has prosecuted an appeal to the Criminal Court of Cook county, where the

same was then pending; that the other causes are pending in justices' courts for trial, and that the defendants threatened to institute other prosecutions, etc., and prays for an injunction restraining such prosecution, and if that can not be done, that all but one of the pending suits be enjoined until the validity of the ordinance shall be determined in a court of law. A demurrer was sustained and the bill dismissed.

It is not questioned but that the general subject matter of this municipal legislation was within the scope of the power conferred upon the village by the act under which it is incorporated, nor that the ordinance was duly passed and published, in conformity with said act, prior to the institution of the suits sought to be enjoined. Ordinances like that under consideration are intended to protect and preserve the peace and good order of society within the municipality, and proceedings under them, although civil in form, to recover a penalty, are *quasi* criminal in character. Courts of equity will not, as a general rule, interfere to restrain criminal or *quasi* criminal prosecutions, or take jurisdiction of any case or matter not strictly of a civil nature. Story's Eq. Jur. sec. 893; 2 Daniell's Ch. Pr. 1620; *Montgomery Railroad Co.* v. *Walton,* 14 Ala. 209.

The questions arising in the prosecutions sought to be enjoined can be determined in the tribunal in which they are pending, or in that to which they may be taken by appeal. The legality or illegality of the ordinance is purely a question of law, which the common law court is competent to decide. If the defendant is not guilty of violating this provision, as alleged, the determination of that fact is peculiarly within the province of that court. In either event, appellant had a full and complete defence at law.

When ordinances have been enacted by the proper authority, a court of equity will not interfere, by injunction, to restrain their enforcement in the appropriate courts, upon the ground that such ordinances are alleged to be illegal, or because of the alleged innocence of the party charged. Nor will that court

enjoin such proceedings under the ordinance for the purpose of determining the validity of the ordinance in a court of law, when, as in this case, the defendant has an adequate remedy at law. *West* v. *Mayor*, 10 Paige, 539 ; *Davis* v. *American Society*, 6 Daly, 81 ; *Cohen* v. *Commissioners of Goldboro*, 77 N. C. 2 ; *Devon* v. *First Municipality*, 4 La. Ann. 11 ; *Yates* v. *Village of Batavia*, 79 Ill. 500 ; *Moses* v. *Mayor*, 52 Ala. 198 ; *Burnett* v. *Craig*, 30 id. 135 ; *Hamilton* v. *Stewart*, 59 Ill. 330 ; *Davis et al.* v. *American Society et al.* 75 N. Y. 362.

In *West* v. *Mayor, supra,* Chancellor WALWORTH, in delivering the opinion of the court, says : "The question as to the validity of the corporation ordinance does not properly belong to this court for decision, where the complainants, as in this case, have a perfect defence at law if the ordinances are invalid, or if they do not render the complainants, or those in their employ, liable for the penalty. And it would be a usurpation of jurisdiction by this court if it should draw to itself the settlement of such questions, when their decision was not necessary in the discharge of the legitimate duties of the court."

If the ordinances are invalid, they furnish no warrant for prosecutions, or the imposition of fines, or the recovery of penalties under them, and would be no shield, in an action at law, against those responsible for the injuries inflicted upon the complainant by such prosecutions. If the authorities of this village can be enjoined from prosecuting under an ordinance preservative of the peace, (as this one certainly is,) so they might be restrained from the enforcement of any other ordinance of the village. Their effort to discharge their duty to the public would be rendered unavailing, and the community left at the mercy of the lawless and vicious elements of society until such time as the question could be settled in the courts of equity. If it should at last be determined that the ordinance was valid, that court would be powerless to enforce its provisions or impose the penalties denounced against its violation,

but must remit the cases to the courts of law, which, before the assumption of jurisdiction by the courts of equity, had the right to determine every question submitted to and determined in the equity jurisdiction.

There are, however, two exceptions, clearly recognized, to the rule that courts of equity will not interfere to restrain trespasses, whether committed under the forms of law or otherwise, which are, first, to prevent irreparable injury; and second, to prevent a multiplicity of suits. *Mayor of Brooklyn* v. *Meserole,* 26 Wend. 132; *Moore* v. *Smedley,* 6 Johns. Ch. 28; *Owens et al.* v. *Crossett,* 105 Ill. 356; *Gartside* v. *City of East St. Louis,* 43 id. 47.

In *Owens et al.* v. *Crossett, supra,* and kindred cases, the jurisdiction is maintained upon the express ground that the trespasses were continued, and the trespassers being wholly insolvent, there was no adequate remedy at law, and the injury was therefore irreparable. There is no allegation in the bill in this case showing insolvency of the defendants thereto, or their inability to respond in damages to any amount for which the complainant might recover damages. The bill contains only a general allegation of irreparable injury. Before a court of equity will interfere to prevent a trespass upon this ground, "the facts and circumstances must be alleged, from which it may be seen that irreparable mischief will be the result of the act complained of, and that the law can afford the party no adequate remedy." *Goodell* v. *Lasson,* 69 Ill. 145; *Livingston* v. *Livingston,* 6 Johns. Ch. 497; High on Injunctions, 34, and authorities.

It is insisted by counsel that a court of equity should restrain these prosecutions in order to prevent the multiplicity of suits. Bills of peace will lie, under some circumstances, for the purpose of quieting and suppressing litigation. It is said, however, that to entitle a party to maintain a bill on this ground there must be a right claimed affecting many persons, "for if the right is disputed between two persons only, not for them-

selves and all others in interest, but for themselves alone, the bill will be dismissed." 2 Story's Eq. sec. 857.

In the case of *West* v. *Mayor, supra,* the chancellor, quoting from what he had said in *Oakley* v. *Mayor of New York,* which was a bill for injunction to restrain prosecutions under the market ordinances of the city, uses the following language: "If the objection to the legality of these ordinances was well taken, the complainant has a perfect defence at law, and this court would not grant an injunction to protect him against a multiplicity of suits until his right to such protection had been established by a successful defence at law in some of the suits," and cites in support the case of *Eldridge* v. *Hill,* 2 Johns. Ch. 281, and concludes: "I am not aware of any case in which this court has sustained such a bill to prevent the defendant from suing at law where the rights of the party depended upon a question of law merely, and where the defendant in the case at law must eventually succeed without the aid of this court, if the law is in his favor."

*Edgerton* v. *Hill, supra,* was a bill for injunction to restrain all but one of a series of prosecutions for the erection and maintenance of a nuisance, and to enjoin the bringing of other suits threatened to be brought for its continuance. KENT, C. J., denied the injunction, saying: "No case goes so far as to stop these continued suits between two single individuals so long as the alleged cause of action is continued, and there has been no final or satisfactory trial or decision at law upon the merits." In *McCoy* v. *Chillicothe,* 3 Ohio, 379, it is held that the repetition of actions for trespasses between the same parties is not that multiplicity of suits which will induce a court of equity to interfere by injunction. In this case the bill alleges the pendency of the suit sought to be enjoined, but does not show that the complainant had established the invalidity of the ordinance at law. On the contrary, it is shown that in the only case tried, the validity of the ordinance was sustained at law. If the ordinance is valid, as held by the court im-

posing the penalty mentioned, equity will certainly not interfere to protect the complainant from deserved punishment for its violation, nor because the common law court may have erred in its judgment as to the complainant's guilt or innocence. Nothing could be more detrimental to society, and provocative of violations of law, than for courts of equity to interfere in such cases by injunction, and thereby protect repeated acts in violation of ordinances which might each furnish new ground of complaint. While the injunction continued, the functions of municipal government would be suspended, and irreparable injury might thereby ensue. If the municipal law be of doubtful validity, the complainant can not, by his willful and repeated violation of its provisions, each furnishing separate grounds for prosecution and depending upon separate facts, create this ground for equitable interposition without first settling the validity of the ordinance in the courts of law. If he fears the prosecution of other suits he can refrain from the repetition of his acts in violation of its provisions until the proper forum has determined its invalidity.

The case of *Third Avenue Railroad Co.* v. *Mayor of New York,* 54 N. Y. 159, cited by counsel, was a bill to enjoin all but one of seventy-seven suits brought against the railroad company for running its trains into the city without a license, as provided by ordinance. The bill attacked the validity of the ordinance, and it was held that a demurrer to the bill was properly overruled, upon the ground that had the suits been brought in a court of record, they could have been consolidated under a statute authorizing the consolidation of causes as a matter of right, and as the magistrate's court in which they were pending was without such power, and as the prosecutions of all at the same time, separately, would be onerous and oppressive, the case was one, in the opinion of the court, where equity jurisdiction might properly be invoked and exercised. This case can have no application here, nor does it conflict with the rule announced in *West* v. *Mayor, supra,* and kindred cases.

The case of *Wood* v. *City of Brooklyn*, 14 Barb. 425, relied on by counsel, is clearly distinguishable from the case at bar. There the ordinance was clearly void, and provided for arrest, imprisonment and imposition of a fine for an act the complainant was clearly authorized by the statutes of the State to do, and it further appeared prosecutions had been threatened, but were delayed and not commenced against him, and the court found that the fact that the ordinance remained apparently in force, so that the threatened prosecutions might be brought under it and the complainant imprisoned before trial, injured his business, and that therefore, there being no actual trespass, there was no adequate remedy at law for such injury.

In the subsequent case of *Davis et al.* v. *American Society et al.* 75 N. Y. 362, in which the complainant sought relief from the enforcement of a penal statute, upon the ground, among others, that they had not in fact violated the law, the Court of Appeals held that a court of law was a proper forum in which to try that question, and refused the relief, distinguishing that case from *Wood* v. *City of Brooklyn*.

In this case the ordinance is not claimed to be wholly illegal. That part of the ordinance which prohibits the renting or permitting the use of any yard, grounds, etc., for any purpose whereby disorderly persons are congregated, has not received judicial construction, but it would seem to fall clearly within the general powers conferred by law upon this corporation. If there are several prohibitions in an ordinance, some of which are void and others valid, if a penalty is provided applying to each offence separately, the ordinance may be enforced as to offences in respect of which it is valid, as if the void portions had been omitted. (Dillon on Mun. Corp. 421, and note.) The bill is wholly silent as to what portion of the ordinance the prosecutions complained of were brought under, and the presumption would be that they were prosecuted under the valid ordinance. This clearly distinguished this case also from *Wood* v. *City of Brooklyn*, and authorities of like import.

It is urged that the circuit court erred in awarding damages upon the dissolution of the injunction. It appears that the order dissolving the injunction was accompanied by an order duly entered, granting leave to the defendants to file suggestion of damages, and the cause was continued until the next term of court, and thereafter regularly continued, from term to term, until the 3d of January, 1885, when suggestions were filed under the leave granted June 19, 1884. The cause again appears to have been continued, from term to term, until November 2, 1885, when the suggestion came on for hearing. It was then objected that the court had no jurisdiction to assess damages, because the suggestions were not filed during the term at which the injunction was dissolved, but the court, notwithstanding this objection, heard evidence and assessed the same. In this case, as in *Albright et al.* v. *Smith et al.* 68 Ill. 181, the object of the bill was defeated by the dissolution of the injunction, and the order made thereon was a final order. It was competent, however, for the court to grant leave to the defendant to file suggestion of damages, and, for any reason satisfactory to the court, to extend the time in which to file the same, which, in effect, the court did by the entry of its order and continuing the case. The court, after having granted such leave, did not lose jurisdiction by the subsequent continuances. It is apparent that complainant had notice of the leave upon which the case was kept on the docket, and might, at any time, have insisted upon the disposition thereof. We are of opinion that the court retained jurisdiction for the purposes of assessment of damages.

The evidence clearly sustains the finding of the court in respect of the damages allowed. Finding no error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*