**Case & Martin Company, Appellant, v. Village of Forest Park, Appellee.**

**Gen. No. 14,703.**

1. ORDINANCE—*when requiring drivers to be licensed, does not discriminate.* Held, that the ordinance in question in this case did not discriminate between the residents and non-residents of a village.

2. INJUNCTION—*when does not lie to restrain trespass.* Equity will interfere to restrain trespasses, whether committed under the

forms of law or otherwise; first, to prevent irreparable injury, and second, to prevent a multiplicity of suits. Before a court of equity will interfere to prevent trespass on the ground of irreparable injury, facts and circumstances must be alleged from which it may be seen that irreparable mischief will be the result of the act complained of and that the law can afford the party no adequate remedy.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed December 21, 1909.

PRINGLE & FEARING, for appellant.

PARKER & RIGHEIMER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant, Case & Martin Company, filed its bill of complaint in the Superior Court against the village of Forest Park, appellee, praying for an injunction restraining the village, its president, board of trustees, chief of police and other officers, from interfering or molesting or in any way interrupting the business of the complainant by reason of its failure to procure a license for any of its drivers in compliance with a certain ordinance of the village regulating peddlers. and peddling on the streets of the village; and that the ordinance be declared void as being in restraint of trade, and as discriminating between merchants in the village and others.

A preliminary injunction was ordered by the court as prayed in the bill. Several amendments were made to the bill, and finally the court sustained a demurrer to the amended bill of complaint as amended, and dissolved the injunction and dismissed the bill for want of equity. By this appeal the complainant seeks to reverse the decree.

The bill as amended avers that the Case & Martin Company was in the business of manufacturing pies at wholesale, with its principal place of business in

the city of Chicago, and that it sells its pies at wholesale in the defendant village and other places; and that in the sale of its products it uses delivery wagons; that among the ordinances of the village is one providing as follows:

"PEDDLERS. Section 1. Every person who shall, by sample or otherwise, sell or offer for sale, barter or exchange at retail, any farm produce, butter, milk, poultry, fish or other goods, wares or merchandise, traveling from place to place, in, upon or along the streets of this village, shall be deemed a peddler, and shall before engaging in said business obtain a license as a peddler. But the provisions of this chapter shall not be construed to apply to any person selling vegetables, fruit, berries or other produce of his own farm or premises; nor to the peddling of newspapers; nor to the regular and ordinary trade of merchants or storekeepers occupying established and permanent places of business in said village; nor to the taking of orders and delivery of goods to their customers by established dealers in the regular course of their business. No person shall engage in the business of a peddler without a license, under the penalty of not less than five dollars nor more than two hundred dollars for each offense and each day any such person shall engage in said business without a license shall be deemed a separate offense."

The bill alleges that on November 30, 1907, the officers of the said village were annoying and threatening complainant and demanding that it take out a license for its drivers, and on the same day arrested William Schmidt, one of its drivers, while in the actual performance of his duties of delivering pies in pursuance of an order theretofore given; that the cause was heard before Frank Lehman, justice of the peace, and on December 12th the defendant was found guilty under the ordinance, of peddling without a license, and fined $25, and that on another day another driver, John E. Maddox, was arrested in the same manner for selling pies without a license, and fined $25.

The bill of complaint also alleges that the authorities of said village have threatened and continue to threaten to make arrests of complainant's drivers until the company shall take out a license, and that it is the avowed purpose and policy of the village and its officers to require such license for the purpose of protecting bakers and other business men in similar lines of business having permanent establishments within the limits of the village.

The bill of complaint shows that the complainant does not peddle pies at any time, within the meaning of said ordinance; that it sells its wares at wholesale to the retail dealers upon orders previously given.

The bill charges that the ordinance is invalid because it discriminates between merchants and storekeepers occupying established and permanent places of business in the village and non-residents of said village who do business within the village.

The bill alleges that it is filed for the purpose of avoiding a multiplicity of suits and appeals which will result if arrests are continually made under said ordinance, and also states that great and irreparable injury has been done at the present time and will be done in the future to the complainant, in that it cannot deliver and fill its orders for goods, wares and merchandise already given, and that if these prosecutions continue, complainant will lose its entire trade in the village of Forest Park, and also states that there is no adequate remedy at law and shows why such remedy is inadequate.

The bill further shows how the injury complained of will be irreparable, that the particular officers who made the arrests of these individuals are not financially able to respond in damages in actions at law against them for making the improper arrests and improperly interfering with the company's business, and names the officers by name and states that they are mere police officers on a salary, as the complainant believes, and wholly unable to make good the loss to the

company; also that there are other police officers in the said village who might also make such arrests, who are financially irresponsible; that the remedy at law, i. e., of bringing damage suits to recover for the loss entailed by reason of arrests, and interruption and loss of business is impracticable, owing to costs, attorney's fees and the uncertainty and impossibility of accurately ascertaining the amount of such damages.

It is urged by complainant that the ordinance is invalid because it discriminates between those having established and permanent places of business within the village, and those without the village; and where an ordinance discriminates between residents of a municipality and non-resident persons and corporations it can have no force and effect.

We have examined the ordinance in question and we do not find that it makes a distinction or discrimination between residents and non-residents of the village. The language of the ordinance is simple and plain, and when given its plain and natural meaning as applied to the subject with regard to which it is used, we are unable to discover the discrimination claimed. The first part of section 1 defines who shall be deemed peddlers under its provisions and requires such persons to obtain a license. By its terms it applies to "every person." The next sentence of the ordinance exempts from its provisions farmers and gardeners and newspaper circulators. It also exempts the ordinary and regular trade of merchants or storekeepers occupying established and permanent places of business in the village, and further, the taking of orders and the delivery of goods to their customers by established dealers in the regular course of their business. The clear intent and effect of these provisions is to declare that the provisions of the ordinance have no application to established dealers whether residents of the village or non-residents of it, and whether such dealers occupy permanent places

of business in the village or elsewhere. We think there is a clear distinction between the ordinance with which we are here concerned, and the ordinances before the courts in Village of Braceville v. Doherty, 30 Ill. App. 645, and Peoria v. Gugenheim, 61 Ill. App. 374, and other cases cited by appellant.

We do not doubt the general principles of equity jurisdiction stated in argument by complainant's counsel, but we do not think that the facts set out in complainant's bill of complaint make a case for equitable relief. The bill is based upon the theory that the ordinance is void and for that reason everything done under it, of which complaint is made, was without any color or authority of law. This we think is a theory founded upon a misapprehension of the. provisions of the ordinance. If the ordinance is valid, as we think it is, equity will not, and ought not to, interfere with its enforcement through the courts of law. If the ordinance is void, it is purely a question of law which the common law courts are competent to decide. If the complainant is not guilty of violating this ordinance, assuming it to be a valid ordinance, the determination of that fact is peculiarly within the province of common law courts. Upon either supposition, as stated in Poyer v. Village of Des Plaines, 123 Ill. 111, complainant has a full and complete remedy at law. In that case it is said: "When ordinances have been enacted by the proper authority, a court of equity will not interfere by injunction to restrain their enforcement in the proper courts on the ground that such ordinances are alleged to be illegal, or because of the alleged innocence of the party charged. Nor will courts enjoin such proceedings under the ordinance for the purpose of determining the validity of the ordinance, when, as in this case, the defendant has an adequate remedy at law."

Equity will interfere, however, to restrain trespasses whether committed under the forms of law or otherwise, first, to prevent irreparable injury, and

194     APPELLATE COURTS OF ILLINOIS.

second, to prevent a multiplicity of suits. The bill in this case must be sustained upon this ground if it can be sustained at all.

Before a court of equity will interfere to prevent trespass on the ground of irreparable injury, as held in Poyer v. Village of Des Plaines, *supra*, "facts and circumstances must be alleged from which it may be seen that irreparable mischief will be the result of the act complained of, and that the law can afford the party no adequate remedy."

Testing complainant's bill by this rule, it is not sufficient. The allegations are made in the most general terms, and the facts and circumstances which would enable the court to see that irreparable mischief or injury will result to complainant from the enforcement of the ordinance, are not alleged. The conclusions of the pleader that such injury will result is not sufficient. The facts must appear in order that the court may be satisfied as to the nature of the injury.

On the second ground of preventing a multiplicity of suits the bill must be held bad for the reasons given in Poyer v. Village of Des Plaines, *supra*.

The decree of the Superior Court is affirmed.

*Affirmed.*