Appeal from District Court, Dona Ana County; Medler, Judge.

Action for injunction by L. M. Crawford, trustee, against Charles A. Longuemare and others.  Temporary injunction issued ex parte, and from its dissolution, on defendants' motion, plaintiff appeals.  Affirmed.

JONES, JONES, HARDIE & GRAMBLING, of El Paso, Tex., and FRANK HERRON, of Las Cruces, for appellant.

The injury inflicted and likely to be inflicted to the plaintiff, as shown by his bill of complaint, by the continuous trespasses of defendants, is such as that it is not susceptible of adequate pecuniary compensation in damages and therefore irreparable and hence an injunction will lie. Tidwell v. Hitt Lbr. Co., 73 S. O. 486, L. R. A. 1917 C. 232; Boston & M. R. R. Co. v. Sullivan, et al., 58 N. E. 689; Metropolitan Land Co. vs. Manning, 71 S. W. 698; Livingston v. Livingston, 10 Am. Dec. 353. Note: Tidwell v. Hitt Lbr. Co., 1917 L. R. A. 1917 C. 236.

The bill of complaint alleged a series of trespasses repeatedly made by defendants, and those in combination with them, unknown to plaintiff, and that they threatened to continue said trespasses and would do so unless restrained, which would involve plaintiff in a multiplicity of suits. It was therefore sufficient to warrant an injunction. (Assignment of error, Par. VII, Abst. Rec. p. 34; see also Abst. Rec. p. 4, Par. 7, bill of complaint).

An injunction will usually restrain a single defendant from committing repeated trespasses to real estate on the ground of multiplicity of suits. Musselman v. Marquis, 1 Bush (Ky.) 463, 89 Am. Dec. 637; Mendelson v. McCabe, 144 Cal. 230, 77 Pac. 915, 103 Am. St. Rep. 78; Lunbeck v. Nye, 21 Am. St. Rep. 828; Pohlman v. Lohmeyer, 83 N. W. 201; Lynch v. Egan, 93 N. W. 775-776; Watson v. Sullivan, 5 Wall 74-80, 18 Law Ed. 582; Pomeroy's Eq. Jur. 3d Ed., Vol. 4, Secs. 1357, 496; High on Inj. 4th Ed., Sec. 356; Preceta v. Maxwell L. G. Co., 50 Feb. 674; De Paugh v. Oxley, 122 Wis. 656; Crogg v. Levinson, 238 Ill. 69; Tidewell v. Witt L. Co., L. R. A. 1917 C. 232.

McKENZIE & LOOMIS, of El Paso, Tex., and YOUNG & YOUNG, of Las Cruces, for appellees.

As to extent of use of injunctive remedy in suits of this nature, see: High on Injunctions (4th Ed.), Secs. 354, 355, 698, 701, 723; 6 Pom. Eq. Jur., Sec. 549; Rhea v. Forsyth, 78 Am. Dec. 441 (443); Todd v. Staats, 46 Atl. 645; More v. Ord, 15 Cal. 204; Gardner v. Perkins, 9 Cal. 553.

Injunction was properly dissolved because answer denied all the equities of the bill. 2 Sutherland Code Pl., Sec. 2990; Curtis v. Sutter, 15 Cal. 260; Gause v. Perkins, (N. C.); Irwin v. Davidson, 3 Ired. Eq. 316.

## STATEMENT OF FACTS.

This suit is brought by the plaintiff to restrain alleged trespasses upon the real estate claimed by the plaintiff. The complaint alleges plaintiff is a resident of the state of Kansas and sues as trustee for the Amusement Syndicate Company; that he is the owner and in possession of the real estate described in the complaint; that the defendants have combined and confederated together, without the knowledge and consent of the plaintiff, and entered upon said land, cutting down the trees, converting the same into wood, and removing the same, and alleging that defendants have removed from said land about 500 cords of such wood; that defendants intended to clear the land and take possession thereof from the plaintiff, and to continue the alleged acts. The plaintiff prayed that a temporary writ of injunction be issued by the court, restraining the defendants, their agents, servants, and employes, from in any manner entering upon the said land, and from cutting the trees, timber, and wood, and that upon the final hearing the said injunction be made perpetual and an accounting be had; also that the plaintiff have judgment against the defendants in the sum of $5,000.

A temporary injunction was issued ex parte upon the verified petition. The defendants filed an amended answer, denying the allegations of the complaint, setting up title and possession in themselves. Upon the coming in

of the answer, the defendants also interposed a motion to dissolve the temporary injunction upon various grounds, which motion for dissolution was granted, and from the action of the court in dissolving such injunction plaintiff appealed to this court.

### OPINION OF THE COURT.

RAYNOLDS, J. (after stating the facts as above). [1, 2] Plaintiff has assigned many errors, but it is not necessary to pass upon all of them, as we believe that, under the state of the pleadings, the fact that title to the property, for which the injunction was sought to prevent trespass, was in dispute and was not clearly established in the party seeking the injunctive relief, is determinative of all the questions involved. Where a preliminary or temporary injunction has been granted ex parte upon a verified petition, it should be dissolved upon the filing of a verified answer by the respondents, which fully and fairly meets all the equities in the petition. The validity of the title and possession alleged by the respondents to be in them should be judicially determined at law before its assertion, or the assertion of rights under it, should be enjoined. The authorities are uniform upon this proposition, and it is only necessary to quote from a few standard text-books and well-considered cases:

"To warrant the relief in this class of cases the party aggrieved must show a satisfactory title to the locus in quo, and if the title be denied or in doubt the injunction will generally be refused against a defendant in possession, until the title is established at law." High on Injunctions (4th Ed.) § 698, p 663.

"And where the title to the premises is in dispute, both parties claiming title thereto, it is held that an interlocutory injunction should be dissolved upon answer disclosing defendants' claim of title and showing that they are acting in good faith, believing themselves to be the owners of the premises." Id. § 698, p. 666.

"When, however, there is a substantial dispute between the parties, and they have not submitted it to be tried by the equity proceeding, the equity court will generally require the plaintiff to establish his right at law before granting an injunction." 6 Pom. Eq. Jur. § 549, p. 946.

"The preliminary injunction issued in the present case, upon the filing of the complaint, was properly dissolved. The

Crawford v. Longuemare, 25 N. M. 267.

answer sets up paramount title in the defendants, and the validity of that title should be judicially determined, before its assertion be enjoined." Curtis v. Sutter, 15 Cal. 260.

"The general rule, as has often been stated, is that, in order to give the court of equity jurisdiction to enjoin torts to property, two conditions must concur: First, the complainant's title must be admitted, or be established by a legal adjudication; and, second, the threatened injury must be of such a nature as will cause irreparable damage, not susceptible of complete pecuniary compensation. * * * It seems to be clearly settled that, whenever the complainant's title is disputed, a court of equity will not interfere by injunction, or make perpetual an injunction already granted, on the ground of a multiplicity of suits, until he has procured his title to be established by a successful trial at law. The ground upon which this action is based is because as a general thing courts of equity do not try disputed legal titles to land. 1 Pom. Eq. Jur. § 252; Poyer v. Des Plaines, 123 Ill. 111 (13 N. E. 819, 5 Am. St. Rep. 494); Carlisle v. Cooper, 21 N. J. Eq. 576; Irwin v. Davidson, 38 N. C. 311; Caro v. Pensacola City Co., 19 Fla. 766." Carney v. Hadley, 32 Fla. 344, 14 South. 4, 22 L. R. A. 233, 37 Am. St. Rep. 101.

"The power to grant injunctions to prevent injustice has always been regarded as peculiar and extraordinary. It is not controlled by ordinary and technical rules, but the application for its exercise is addressed to the conscience and sound discretion of the court. Ordinarily, it will not be exercised when the right of the complainant is doubtful, and has not been settled at law; and, even when it has been so settled, an injunction will not be granted when the remedy at law is adequate." Basett v. Salisbury Mfg. Co., 47 N. H. 437.

"Where a motion to dissolve an injunction is made upon bill and answer alone, the general rule is to dissolve the injunction, if the answer denies all the equities of the bill." 2 Sutherland, Code Pleading Practice, § 2990, p. 1876.

We do not mean to lay it down as a proposition of law, to which there is no exception, that in order to obtain a writ of injunction to protect the land claimed to be owned by the petitioner, he must as a prerequisite in all instances allege and prove that he has the title to and is in possession of the land in question. There may be instances where the equitable remedy will be used in aid of the legal; for example, to enjoin trespass and waste, pending the determination of the title in a suit in ejectment, or, again, where it is alleged that the respondents are insolvent and cannot respond in damages for the injury they are committing, or are about to commit, upon such property. As is well said in Cowles v. Shaw, 2

Iowa, 496, quoted in Carney v. Hadley, 32 Fla. 344, at page 350, 14 South. 4, at page 6, 22 L. R. A. 223, at page 238, 37 Am. St. Rep. 101:

"We do not say that there may not be cases where the legal remedy would be incomplete, and in which an injunction might properly issue. For instance, as above suggested, the defendants might be entirely insolvent, the trespass might grow into a nuisance or waste, numberless suits might have to be brought, in order to make the remedy complete, the trespass might be by a party occupying a fiduciary relation, or the injury of such a character that the loss would be irreparable, and not be compensated in dollars and cents; and in any such or similar cases an injunction might be proper."

This case, however, presents no such features. The petition, on the other hand, alleges the injuries already done to amount to the sum of $500, and alleges that, if continued, they will amount to more than the sum of $5,000, and asks for an accounting of the injury done. It is true petitioner does state that his injuries are irreparable, but in the same pleading estimates them in money, which is a contradiction of terms. He fails to allege that the respondents are insolvent and cannot respond in damages, or to show that his legal remedies are inadequate. Plaintiff alleges that he will be involved in a multiplicity of suits unless an injunction is granted. The record, however, shows that the trespasses complained of were made under the direction of one person, his servants and agents, and not by several persons controverting the same right and each standing on his own claim or pretension.

[**3, 4**] The right to equitable relief on this ground is well expressed in the case of Carney v. Hadley, 32 Fla. 344, 14 South. 4, 22 L. R. A. 233, 37 Am. St. Rep. 101, above cited, in the following language:

"In cases of repeated trespasses, where it is necessary to quiet a rightful admitted or established possession, chancery has often interposed to prevent a multiplicity of suits, although there may be a remedy at law, and this is a well-recognized head of chancery jurisdiction when a proper case is presented. The court will not, however, grant an injunction against one person merely because he is guilty of repeated trespasses where the legal remedy affords an adequate and complete redress in damages. The rule, as stated by many decisions, is that, to justify the interference of a

court of equity in cases of trespass in order to avoid a multiplicity of suits, there must be several persons controverting the same right, and each standing upon his own claim or pretension. Jerome v. Ross, supra [7 Johns. Ch. 315, 11 Am. Dec. 484]; Hatcher v. Hampton, 7 Ga. 49; Nicodemus v. Nicodemus, 41 Md. 529; Thorn v. Sweeney, 12 Nev. 251; John A. Roebling Sons' Co. v. First National Bank of Richmond, 30 Fed. [D. C.] 744; High, Inj. § 700."

Under all the circumstances of the case, and when, as here, the petition is met by respondents' verified answer, denying title and possession in the petitioner and alleging them to be in the respondents, and where, as here, said verified answer fully and fairly denies all equities of the petition, we see no reason for departing from the general rule dissolving the injunction upon the answer disclosing defendants' claim of title, and showing that they are acting in good faith, believing themselves to be the owners of the land in question.

As we find no error in the action of the lower court in dissolving the temporary injunction and dismissing the complaint, the decision is therefore affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

---

[No. 2185, May 19, 1919.]
[Rehearing Denied June 7, 1919.]
ABO LAND CO. v. HOWER.