(No. 14311.—Decree affirmed.)

CALVIN R. MOWER, Appellant, *vs.* T. G. LEVINGS, Commissioner of Highways, Appellee.

*Opinion filed December 22, 1921.*

EQUITY—*when bill to enjoin threatened trespass by a highway commissioner is properly dismissed.* A bill to enjoin a threatened trespass by a commissioner of highways by interfering with fences built or being built by the complainant on property claimed by him to be his own is properly dismissed for want of equity where it alleges as sole ground for relief that the commissioner claims that the property is part of a public highway, as the legal right in such case must be determined by an action at law, and it must appear from the bill that the law will afford no adequate remedy before equity will interfere to prevent a trespass.

APPEAL from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

B. A., W. D. & A. J. KNIGHT, for appellant.

FISHER, NORTH, WELSH & LINSCOTT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Winnebago county sustained the demurrer of the appellee, T. G. Levings, commissioner of highways of the town of Rockford, to a bill filed by the appellant, Calvin R. Mower, praying the court to enjoin a threatened trespass upon thirty-three feet in width of lands alleged to be owned by the appellant and claimed by the appellee to constitute a part of a public street named Harrison avenue. The bill was dismissed for want of equity, and this appeal was prosecuted.

It is impossible to determine from the abstract of the record the location of the lands described in the bill or the part or portion claimed as a public street. A plat was annexed to the bill as an exhibit but it is not shown by the abstract. The threatened trespass was by interference with fences built or being built by the complainant, and it was alleged that the fences and situation were shown by photographs annexed to the bill as exhibits and marked from E to K, inclusive, but none of them appear in the abstract. The inability•to understand the situation, however, is immaterial, for the reason that the bill alleges no fact showing insolvency of the defendant, irreparable damage, a multiplicity of suits, or any fact that would take the case out of the established rule that an injunction will not be granted to restrain a mere trespass. The bill alleges a claim of the defendant that the thirty-three feet is a part of a public highway, and the case does not come within the rule where the defendant has no claim of right. Ordinarily, in such a case, the legal right must be determined in an action at law before a resort to a court of equity. Before a court will interfere to prevent a trespass, facts and circumstances must be alleged from which it may be seen that the law can afford no adequate remedy, and the bill fails to allege any such fact. *Poyer* v. *Village of Desplaines,* 123 Ill. 111;

*Commissioners of Highways* v. *Green,* 156 id. 504; *O'Don-nell* v. *Gearing,* 291 id. 278; *Abel* v. *Flesher,* 296 id. 604.
The decree is affirmed.
*Decree affirmed.*

---

(No. 14106.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK C. SCHULTZ, Plaintiff in Error.

*Opinion filed December 22, 1921.*