SORG v. OAK HARBOR (Village)

Ohio Appeals, 6th Dist., Ottawa Co.

No. 91.    Decided Dec. 7, 1925

1113. STREETS—May not be used for public uses which are destructive of or inconsistent with street uses.

WILLIAMS, J.

This action was originally brought in the Ottawa Common Pleas by M. A. Sorg to restrain the village of Oak Harbor from erecting a comfort station in Church Street in said village. The court granted a perpetual injunction as prayed for and the village appealed the cause to the Court of Appeals.

The evidence disclosed that the comfort station, if erected, would so obstruct the street that less than one-half of it could be used for public travel; and that to the left of the proposed erection is a stop for street cars which when they stop for taking on and discharging of passengers, would obstruct the passageway that will be left between the comfort station and the west side of the street.

Sorg claimed that real estate owned by him and others is on Church street about 100 feet back of the proposed site of the comfort station and that the contemplated erection, if carried into effect would be detrimental to his interests. The Court of Appeals held:

1. It is well settled in Ohio that a municipality does not own a fee simple in the street; but that it owns only a determinable or qualified fee, and that the city is to hold its title to the real estate in the street in trust for street uses only.

2. Such title implies that there is a sub-

## STATE COURT OF APPEALS—Continued

stantial interest not conveyed which remains in the abutting owner. Cullen v. Elect. Light Co. 66 OS. 166.

3. The streets may not be used for public uses which are destructive of or inconsistent with street uses. Smith v. Central Power Co. 103 OS. 681, 692, 695.

4. The erection of a comfort station would obstruct travel and transportation and would be using the street for purposes destructive of and inconsistent with street uses. Therefore the erection of such comfort station would be unlawful.

5. Such erection would materially affect the value of Sorg's real estate so that he would suffer an injury to his property different from that of real property owners generally in the municipality.

·6. Sorg is entitled to relief by way of injunction.

Decree for Sorg, substantially in same form as entered in Court below.

Attorneys—True, Crawford & True, Port Clinton, for Sorg; Stahl & Price, Toledo and John Duff, Port Clinton, for Village.