### GUSTAFSON v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10529. Decided Dec 9, 1929

A. P. Gustafson, Cleveland, for Gustafson.

H. H. Burton and Edward J. Schweid, both of Cleveland, for City.

**SULLIVAN, J.**

A demurrer to the supplemental petition raises this question and it is our holding that this question is practically decisive of the entire case, because it is obvious from the record that the supplemental petition creates and organizes a new case from which no appeal has been taken because its existence came into effect only after an appeal from the Common Pleas court to this court.

We think the holdings are universal in Ohio that in order to exercise Appellate jurisdiction, the Court of Appeals must have before it the suit commenced in the court of original jurisdiction and if it is sought by amendment to substitute a new cause of action and to create new litigation that it is in violence to the law which has been laid down by numerous authorities.

Under the procedure in this state with respect to a case in chancery upon appeal, the decree of the court of common pleas is thereby suspended and then and thereby the whole case, when the procedure upon appeal is completed, is transferred to the Court of Appeals and this court has the same jurisdiction over the subject matter of the action and the same control over the pleadings and issue and service of process as well as the ultimate decision in the case which adhered to the court of common pleas. Thus it follows that an

amendment or a supplement to the original cause which substitutes another cause than that originally sued upon, does violence to the procedure upon appeal because the case in the common pleas court as originally tried is not in the Court of Appeals but a new one as if the Court of Appeals was entertaining original jurisdiction instead of Appellate jurisdiction. This we think is not only elementary law but it is emphasized in 2 Ohio Jurisprudence, Sec. 14, Note 14, and in **Barnes vs Christy, 102 OS. 160.**

It is also claimed that the demurrer should be sustained on the ground that. there is an adequate remedy at law. We think this claim is well founded. This is a court of equity and the case is one in chancery and if there is an adequate remedy at law the relief sought by injunction cannot be granted. The Legislative acts of a municipality even though tainted with unconstitutionality must not be enjoined in a court of equity because it is an interference with the proceedings of the municipality in matters resting within their jurisdiction or control and over which they have a right to exercise a discretion. When municipal ordinances have been enacted, proceedings for their enforcement by the municipal authorities such as by suits, arrests or fines, cannot be enjoined merely because of illegality with respect to the ordinances or for the purpose of subsequently determining the validity of the enactments when it appears that the party aggrieved has a full and adequate remedy at law, either in an action for damages or by pleading the invalidity of the ordinance as a defense to a criminal prosecution.

Municipal officers are not restrained from prosecuting suits against complainants or interfering with their business because of the existence of an alleged illegal municipal ordinance, since that question does not properly pertain to a court of equity, provided the complainants have a perfect remedy at law as we think is obvious in this case and there are many authorities which show that in order to make a test of the constitutionality of the Ordinance, arrests have been made or even submitted to for the purpose of escaping the doctrine that a court of equity cannot interfere where it is apparent that there is an adequate remedy at law, as we think exists in the instant case.

That criminal prosecutions may be enjoined where property rights are effected, there can be no question, and that a test of the Ordinances may be made under habeas corpus proceedings there can be no doubt, as is laid down in **Yutze vs Copelan, 17 Ohio App, 461,** and Truax vs Raich, 239 U. S. 33.

We think the case at bar is entirely different in character from **Gibbings vs Edding, 70 OS. 298, and Sorg vs Oak Harbor, 20 Ohio App. 313,** as there the property rights at issue were of a substantial and physical character which is entirely different from the instant case where the property rights are distinctly technical and fictional to a large degree, especially in character.

A leading case which bears out our analysis of the case at bar we think is Benjamin Pover vs Village of Des Plaines 123 Ill. 111.

A leading authority to support the contention of the city in this case we think is **Froelich vs Cleveland, 99 OS. 376.**

There are many cases of like character and it being our opinion that the authorities not only quoted herein, but many others, apply, the relief prayed for is denied, and an entry may be made accordingly.

Vickery, PJ., and Levine, J., concur.