(December 20, 1893.)'

## RICH v. FRENCH.

[35 Pac. 173.]

RECORD—MOTION TO STRIKE OUT PARTS OF RECORD—JUDGMENT-ROLL—
UNDERTAKING ON APPEAL.—When the transcript contains matter
not properly a part thereof, such improper matter will be stricken
out on motion. The record on appeal must show that an under-
taking on appeal in due form has been properly filed, or that the
same has been waived by stipulation of the parties.        .
(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

Spence & Chalmers, for Appellants.

If this is an action to quiet title it is fatally defective. It
should contain or show the nature or extent of the plaintiff's
claim or title. (Bliss on Code Pleading, secs. 221, 225, 226.)
It is insufficient in that it fails to aver want of notice of con-
veyance from plaintiff's grantors to defendants. (*Lawton v.*

*Gordon,* 34 Cal. 36, 91 Am. Dec. 670.) It is insufficient, in that it fails to allege that due notice to quit was given prior to the commencement of this action. (3 Wait's Actions and Defenses, 87; 1 Chitty on Pleading, *331; *Bushnell v. McCauley,* 7 Cal. 422.) The defendants were in possession under a deed of warranty duly recorded, and this open and notorious possession by defendants should have put plaintiff on inquiry as to the possessor's interest, and necessitates a notice to quit before an eviction could be decreed as prayed for. (*Lestrode v. Bath,* 19 Cal. 660; *Dutton v. Warschauer,* 21 Cal. 609, 82 Am. Dec. 765; *Landers v. Bolton,* 26 Cal. 393.)

Hawley & Reeves, for Respondent.

There being no statement of the case or bill of exception in the record on appeal, the appeal must be heard on the judgment-roll alone. (*Clark v. Fitch,* 41 Cal. 472; *Savings etc. Soc. v. Meeks,* 66 Cal. 371, 5 Pac. 624; *Bailey v. Sloan,* 65 Cal. 388, 4 Pac. 349.) If the allegations of the complaint are sufficient to support the judgment, the judgment of the lower court should be affirmed. Every presumption is in favor of the action of the lower court, and it is presumed the evidence fully established the allegations of the complaint. (*Gregory v. Nelson,* 41 Cal. 289.) It is not necessary for plaintiff to allege the nature and extent of his title. He may do so or not where he alleges ownership in himself. (*Stoddard v. Burge,* 53 Cal. 394; Idaho Rev. Stats., sec. 4538.)

SULLIVAN, J.—This is an attemped appeal from the judgment. Respondent moves to strike from the record appellants' notice of "intention to move for a new trial," also the "notice of settlement of statement," also the order of the court below refusing to settle statement, also "statement on motion for new trial," and "affidavits on motion for new trial," on the grounds (1) that no statement on motion for new trial was ever settled; (2) that no order was made by the court below either granting or refusing a new trial. Subdivision 2, section 4456, of the Revised Statutes of 1887, provides, in case of this kind, that the judgment-roll shall consist of "the pleadings, a copy of the verdict of the jury or findings of the court

or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment." Upon an examination of the record, we find that no statement of the case, nor bill of exceptions, has been settled by the court below. That being true, under the section above referred to the parts of the transcript covered by said motion as above indicated are no part of the record on this appeal, and must be stricken out.

Respondent moves to dismiss this appeal, on the ground that the record fails to show that an undertaking on appeal has been filed, as required by law. We find the objection sustained by the record. The record fails to show that an undertaking on appeal has been given, or that such undertaking has been waived. Section 4821 of the Revised Statutes of 1887, provides, among other things, in appeals from a final judgment, that the record on appeal "must be accompanied by the certificate of the clerk or attorneys, that an undertaking on appeal in due form has been properly filed or the stipulation of the parties waiving an undertaking." The attempted appeal is dismissed, at appellants' costs, and the judgment of the court below affirmed.

Huston, C. J., and Morgan, J., concur.