(November 17, 1897.)'

## STATE v. BOISE.

[51 Pac. 110.]

RULES OF COURT—TRANSCRIPTS.—A compliance with the rules of this court in the preparation of transcripts on appeals in criminal cases will be insisted upon.

CONSTITUTION—STATUTES, WHEN ENACTMENT OF, QUESTIONED.—Where the constitutionality of the enactment of a statute is put in question, it is imperative that the trial court should be furnished with a copy of the legislative journals certified by the secretary of state.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Attorney General R. E. McFarland, for the State.

The defendant, William L. Boise, was prosecuted for and convicted of a violation of what is known as the "Anti-gambling Law," passed at the fourth session of the Idaho legislature, and approved March 8, 1897, before a justice of the peace of Nez Perces county, and a fine of $200 was imposed against him. The case was tried before the justice, a jury having been waived by both parties. The only question presented by this case is, Were the provisions of article 3, section 15 of the constitution complied with in the passage of the act? The record of the passage of the said act is almost identical with that of the "fee bill," which was held invalid by this court in *Cohn v. Kingsley*, ante, p. 416, 49 Pac. 985.

James W. Reid, for Respondent

From an inspection of the journals of the Senate and House set out in the stipulation in the record, it will be seen that the bill was not read on three separate days, nor the ayes and noes taken as required by the constitution. It was materially amended in the Senate and returned to the House, and all that was done in reference to it thereafter is recorded in these words, from the House Journal March 5, 1897, the House being in session and the Speaker in the chair, to wit: "Mr. Workman moved that the amendments proposed by the Senate to House Bill No. 165 be concurred in, which motion prevailed." Be-

sides other errors, this method of finally disposing of the act rendered it void. (*Cohn v. Kingsley,* ante, p. 416, 49 Pac. 985.)

HUSTON, J.—In the preparation of the transcript in this case there does not seem to have been even an attempt to comply with the rules of the court. There is scarcely a requirement of the rules that has not been ignored. Some latitude is usually extended in criminal cases in matters of appeal, both by the statutes and by the rules of court, but never to the extent assumed in this case. We should dismiss the appeal for want of a proper transcript were it not that an examination of the record satisfies us that the district court had no evidence before it upon which to predicate its judgment. The action was brought against the defendant for an alleged violation of what is commonly known as the "Gambling Law," being a statute against gambling passed by the last legislature of this state. Upon the trial a demurrer to the complaint was interposed. A stipulation was entered into by the attorney acting for the state and counsel for the defendant, wherein and whereby it is agreed that certain writings therein contained constituted a copy of the journals of the Senate and House of Representatives of the Idaho legislature, and it was upon the demurrer and this stipulation that the district court predicated its judgment, and passed upon the constitutionality of the enactment of the statute under consideration. We know of no authority for such proceedings. Before a court will assume to pass upon the constitutionality of the enactment of a statute by the legislature, it should have before it a copy of the original journals, showing the whole record of enactment, duly certified by the Secretary of State, the proper and legal custodian of such records. The judgment of the district court is reversed, and cause remanded for further proceedings in accordance with this opinion.

Sullivan, C. J., and Quarles, J., concur.