(April 18, 1901.)

## FIRST NATIONAL BANK OF LEWISTON v. SAMPSON.

[64 Pac. 890.]

PLEADINGS—MATERIAL ALLEGATIONS—RECORDS—SUPPLEMENTAL RECORD.—When the complaint states a cause of action, a general demurrer will not be sustained. Only the record as certified by the clerk, or attorneys of record, can be considered in this court. A motion to strike a supplement from the record which was not called to the attention of the lower court, or was no part of the record in the case, will be sustained.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

S. S. Denning and Needham & Walker, for Appellants.

Section 4520 of the Revised Statutes of this state provides for all foreclosure proceedings. When the return of the sheriff shows a balance still due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien against the real estate of such judgment debtor, as in other cases on which execution may be issued. Such balance when docketed by the clerk becomes a personal judgment and not before. (*Russell v. Hank,*

9 Utah, 309, 34 Pac. 245.)    It is a general rule of law recognized by all courts that the statute of limitations begins to run on a judgment or contract when a right of action accrues thereon.    In case of deficiency judgments, the statute of limitations begins to run from the date of the docketing thereof, and not from the decree fixing the liability of the defendants or the return  of the sheriff showing  that a deficiency exists. (*Isaac v. Swift,* 10 Cal. 71, 70 Am. Dec. 698; *Chapin v. Broder,* 16 Cal. 403; *Englund v. Lewis,* 25 Cal. 337; *Stoddard v. Van Bussum,* 57 N. J. Eq. 34, 40 Atl. 29.)    A mere contingent provision referring to no particular amount and in abeyance until the contingency is determined is not within the meaning of the statute.    It may become a valid and perfect judgment, but until the amount to be recovered is ascertained and fixed and judgment docketed therefor, no effect can be given to it as a lien or otherwise.    (1 Freeman on Judgments, 4th ed., sec. 39; *Thompson v. Golding,* 5 Allen, 81; *Gilpatrick v. Glidden,* 82 Me. 201, 19 Atl. 166; *Chapin v. Broder,* 16 Cal. 403; *Englund v. Lewis,* 25 Cal. 337; 2 Freeman on Judgments, 4th ed., sec. 339; *Hibberd v. Smith,* 50 Cal. 511; *Linn v. Patton,* 10 W. Va. 187.)

George W. Tannahill and I. N. Smith, for Respondent.

Mere reference in a complaint to a judgment does not make a profert of the entire judgment.    (*Anderson v. Cecil,* 86 Md. 490, 38 Atl. 1074; 2 Wharton on Evidence, sec. 326; *Chittendon v. Witbeck,* 50 Mich. 401, 15 N. W. 526; *Nash v. Harris,* 57 Cal. 243 (244).)    To make a document a part of a record it must be produced.    The lower court must be given a chance to pass upon it.    (This court in the case of *State v. Boise,* 5 Idaho, 519, 51 Pac. 110.)    The complaint pleads in the language required at section 4211 of the Revised Statutes of Idaho, because it shows this judgment to have been "duly given, made, rendered and entered in a court of general jurisdiction."    This is an allegation  which has been  held sufficient as against a general demurrer.    (*Schenk v. Birdseye,* 2 Idaho, 141, 6 Pac. 128; *Dore v. Thornburg,* 90 Cal. 64, 27 Pac. 30, 25 Am. St. Rep. 100; *High v. Bank of Commerce,* 95 Cal. 386, 29 Am. St. Rep.

121, 30 Pac. 556.) An unpaid balance after mortgage foreclosure sale is specified as the cause of action. Counsel argues that there can be but one action "on a debt for the enforcement of any right secured," etc., and cite section 4520 of the Revised Statutes of Idaho. In their application, however, they overlook the object of that section and the further fact that the debt sued on herein is not secured. (*Blumberg v. Birch,* 99 Cal. 416, 37 Am. St. Rep. 67, 34 Pac. 102; *Merced Bank v. Cassaccia,* 103 Cal. 641, 37 Pac. 648.) A court will take notice of its own records, but cannot travel for this purpose out of the records relating to the particular case. It cannot take notice of the proceeding in another case unless such are put in evidence. (*Anderson v. Cecil,* 86 Md. 490, 38 Atl. 1074; 2 Wharton on Evidence, sec. 326; *Chittenden v. Whitbeck,* 50 Mich. 401, 15 N. W. 526; *Nash v. Harris,* 57 Cal. 244.)

STOCKSLAGER, J.—This action was commenced in the district court of Nez Perces county. The complaint was filed on the thirtieth day of August, 1900. On the tenth day of September thereafter a demurrer was filed, to wit: "The above-named defendants demur to the complaint of the plaintiff in this action, and specify as grounds of objection thereto that it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action." On the twenty-fourth day of September, 1900, an order was made by the district court overruling the demurrer, in which order the judge states that "the defendants elect to stand on the pleadings as now made, and refuse to further plead." On the ninth day of November, 1900, the default of defendants was entered, and on the same day judgment was entered against the defendants for the sum of $1,003.67 and costs of suit. Thereafter an appeal was perfected to this court for review. In the transcript we find what is called a "Supplement," which purports to show a foreclosure proceeding wherein the same parties were plaintiff and defendants as appear in this suit. Counsel for respondent files his motion to strike the supplement from the transcript, to wit: "Comes now the respondent, the First National Bank of Lewiston, Idaho, and moves the honorable the above-entitled court to strike from the transcript herein all

that part thereof denominated a 'Supplement,' on the following grounds: 1. That the same is not certified to so as to identify it with any transcript on appeal in said cause; 2. That the same was never at any time used in the court below for any purpose; 3. No profert thereof in the lower court was ever made, no oyer demanded, and the matters sought to be argued therefrom were never called to the lower court's attention; 4. That the same is surplusage, redundant, and not part of the record in this cause on appeal, and has no connection legally therewith, so as to entitle the same to be put into this transcript. This will be made upon the records and files herein, and on the affidavit of I. N. Smith, and the certificate of the honorable judge of the above court." The affidavit of I. N. Smith, referred to, says "that he is one of the attorneys for the respondent herein, and that he makes this affidavit on behalf thereof to strike the supplement of the transcript therefrom; that the said supplement was never at any time proffered in the lower court, nor demanded therein, nor ever at any time a part of this cause, nor called to the court's attention; that in the lower court the cause was submitted on demurrer, without argument, as appears from the transcript." Honorable Edgar C. Steele, the district judge before whom this cause was tried, in his certificate, among other things, says: That the demurrer therein was submitted without argument; that at no time were the documents contained in the supplement of the transcript on appeal ever directed to my attention, nor were they proffered in court, nor was any oyer thereof demanded; that the same at no time were ever directed to my attention in any manner, nor used in any manner on the submission of the demurrer without argument, nor referred to at all.

We will first dispose of the motion to strike what is termed the "Supplement" from the files. The record discloses the fact that Stewart S. Denning, Daniel Needham, and Ray D. Walker, attorneys of record for appellants, certify to the correctness of the papers purporting to be the proceedings in a former action tried in the district court of Nez Perces county, which papers constitute what is called the "Supplement" in the record in the case before us for review. It is not contended by appellants that the papers constituting the supplement were

ever used in the trial of this case, but that the court should take judicial knowledge of all proceedings in court. We agree with this contention, as a general rule, but are not in accord with the proposition that a general demurrer may be filed, submitted without argument, and the real grounds of the demurrer first called to the attention of this court on appeal. This is not fair to the trial court, and many appeals might be avoided by submitting all the facts and grounds upon which relief is sought to the lower court for its consideration and determination. We think the case of *Anderson v. Cecil*, 86 Md. 490, reported in 38 Atl. 1074, correctly states the rule. The court says: "A court will take notice of its own records, but cannot travel for this purpose out of the records relating to the particular case. It cannot take notice of the proceedings of another case unless such proceedings are put in evidence." Wharton lays down the rule in even stronger language. (See volume 1, 3d ed., sec. 326; *State v. Boise*, 5 Idaho, 519, 51 Pac. 110.) The motion to strike what is called a "supplement to the record" is sustained.

The remaining question is, Was the demurrer to respondent's complaint in the lower court properly overruled?

"Complaint. The plaintiff complains and alleges: 1. That at and during all the period herein named the plaintiff was, and now is, a corporation organized, created, and existing under and by virtue of the laws of the United States, with its principal place of business at Lewiston, Idaho. 2. That heretofore, in the above-entitled court, in a cause wherein plaintiff herein was plaintiff, and the defendants herein were defendants, which action was to foreclose a certain mortgage described in the complaint therein, such proceedings were had that the defendants above named, and each thereof, were personally served with summons issued in such foreclosure case at the county of Nez Perces and state of Idaho, and thereafter in such foreclosure case, the defendants having failed to appear or answer to the complaint within the time specified, their default therefor was entered; that thereafter such proceedings were further had that a judgment on such default was duly given and made on the proceedings as against the same C. C. Sampson and

Minnie C. Sampson, and each of them, and in favor of the plaintiff above named, which judgment was filed and recorded on the twenty-fourth day of November, 1894, and was for the sum of $5,472.50, and was conditioned to draw interest at ten per cent per annum from the twenty-fourth day of November, 1894, the day of the entry and docket thereof; that such decree and judgment were docketed in book 1 of Decrees of Foreclosure of Mortgages, at page 29 of the records of Nez Perces county, Idaho; that thereafter an order of sale was issued out of the above court in the foreclosure case named, placed in the hands of the then sheriff of Nez Perces county, Idaho, for execution, and by virtue thereof the lands and premises affected by such proceedings were sold on the twenty-second day of December, 1894, at 10 o'clock A. M., for $4,800, and that the sheriff in said cause filed his return and account of his doings by virtue of such execution and order of sale on December 24, 1894, and that by the sheriff's return there existed at the date thereof a deficiency judgment of $672.50; that by the terms of the decree it was ordered that such deficiency draw interest at ten per cent per annum, and, further, that the plaintiff should have execution therefor; that more than five years have elapsed since the specifications of such deficiency by the sheriff, and that the same has not been paid, nor the interest thereon, nor any part thereof; that there is due owing, and unpaid from the defendants, and each of them, on account of said judgment, the sum of $672.50, with interest thereon at ten per cent per annum from August 30, 1900, to payment; the further sum of $381.07 accrued interest thereon—aggregating in all $1,053.57, with interest on $672.50 thereof as above specified, no part of which has ever been paid. 3. That such judgment was duly given, made, rendered, and entered in a court of general jurisdiction, which, at the date of the entry, rendition, and giving thereof, had personal jurisdiction of the defendants named, and had jurisdiction of the subject matter of the controversy. Wherefore plaintiff demands judgment against defendants, C. C. Sampson and Minnie C. Sampson, and each of them, for the sum of $1,053.57, with interest on the sum of $672.50 at ten per cent per annum from August 30, 1900, to payment, with costs of suit and proper relief."

Appellants make five assignments of error. as follows: "(1) The court erred in sustaining the demurrer to the complaint; (2) the court erred in ordering the default of the defendants entered; (3) the court erred in rendering a default judgment against the defendant C. C. Sampson; (4) the court erred in rendering a default judgment against Minnie C. Sampson; (5) the court erred in rendering a default judgment against the defendants, C. C. Sampson and Minnie C. Sampson."

It is shown by the complaint that appellants executed their mortgage to respondent; that the mortgage was foreclosed; that the property mortgaged was sold as provided by law; that at such sale the property did not sell for the amount due; that the sheriff of Nez Perces county made his return on the order of sale, showing a deficiency. We think the complaint sufficiently states a cause of action against the defendants, and the demurrer was properly overruled. If the defendants, or either of them, had a defense to the action, it should have been by way of an answer. The judgment of the lower court is affirmed.

Quarles, C. J., concurs.

Sullivan, J., concurs in conclusion reached.

ON REHEARING.

(May 15, 1901.)

QUARLES, C. J.—The appellants have filed a petition for rehearing, in which it is insisted that the decision in this case lays down the rule that an action can be maintained upon the return of the sheriff for a deficiency in proceedings under a decree of mortgage foreclosure without judgment for such deficiency having been docketed as required by the statute. This court did not intend to so hold, and the decision in this case does not so hold. The facts stated in the complaint, which is set forth in the original opinion herein, are sufficient, after judgment, to show that a judgment for the deficiency remaining after sale of the mortgaged property was docketed, or at least enough to make that inference necessary from what is stated in the complaint. The complaint shows that the sheriff made

his return showing the deficiency. It then became the duty of the clerk to docket judgment for such deficiency, and the law presumes that he did so, in the absence of a showing to the contrary. However, if the clerk failed to perform this duty, that matter could be shown by way of defense, and should have been pleaded by the appellants, which they failed to do. The petition for rehearing is denied.

Sullivan and Stockslager, JJ., concur.