(June 28, 1905.)

## WILLIAMS v. BOISE BASIN MINING AND DEVELOPMENT COMPANY.

[81 Pac. 646.]

RECORD ON APPEAL—JUDGMENT-ROLL—WHAT IT SHALL CONTAIN—MOTION TO STRIKE SUSTAINED WHEN.

1. On appeal from a judgment without a statement or bill of exceptions, nothing belongs to the record except the judgment-roll and no question outside of the record can be considered by the court.

2. On appeal from a judgment the judgment-roll consists of the pleadings, a copy of the verdict of the jury, or findings of the court or referee, all bills of exceptions taken and filed and a copy of any order made on demurrer or relating to any change of parties, and a copy of the judgment. (Rev. Stats., sec. 4456, subd. 2.)

3. A motion will be sustained to strike from the record on appeal from a judgment any papers, records, or copies thereof which, under the provisions of subdivision 2, section 4456, Revised Statutes, have no place in the judgment-roll.

(Syllabus by the court.)

APPEAL from the District Court of Ada County.    Honorable George H. Stewart, Judge.

Judgment for the plaintiff, from which defendant appeals. Judgment affirmed.

J. J. Blake and C. C. Cavanah, for Appellants.

A judgment rendered in vacation without any agreement of record of the parties that the same could be done is a nullity and therefore void.    (*Smith v. Chichester,* 1 Cal. 409; *Coffenbirry v. Harrald,* 5 Cal. 493; *Peabody v. Phelps,* 7 Cal. 54; *wicks v. Ludwig,* 9 Cal. 173; *Filley v. Cody,* 4 Colo. 109; *Kirlley v. Marshall Silver Min. Co.,* 4 Colo. 110 *Francis v. Wells,* 4 Colo. 274; *Pressley v. Harrison,* 102 Ind. 14, 1 N. E. 188.)    A judgment rendered in vacation is void. (*Pond v. Simons,* 17 Ind. App. 84, 45 N. E. 48, 46 N. E. 153; *Bruce v. Doolittle,* 81 Ill. 103; *Becker v. Eble,* 144 Ind. 287, 43 N. E. 233; *Earls v. Earls,* 27 Kan. 538; *Irwin v. Irwin,* 2 Okla. 180, 37 Pac. 548.)    The judicial power of the state is vested in the several courts and not the judges thereof. (Idaho Const., art. 5, sec. 2.)    The rendition and entry of a judgment are entirely different things.    The first is purely a judicial act of the court alone, and must be first in the order of time, while the entry is merely evidence that a judgment has been rendered and is purely a ministerial act.    (18 Ency. of Pl. & Pr. 430.)    It seems to be well settled that an appeal will lie from a void judgment.    (*People v. Lindsay,* 1 Idaho, 400; *Merced Bank v. Rosenthal,* 99 Cal. 39, 31 Pac. 849, 33 Pac. 732; *Therkelsen v. Therkelsen,* 35 Or. 75, 54 Pac. 885, 57 Pac. 373; *Deering & Co. v. Creighton,* 26 Or. 556, 38 Pac. 710; *Stites v. McGee,* 37 Or. 574, 61 Pac. 1129; *Gray v. Schupp,* 4 Cal. 155; *Peabody v. Phelps, supra.*)

Frank Martin, for Respondent.

This is an appeal from the judgment upon the judgment-roll alone, no bill of exceptions or statement having been settled or filed in this case.    Upon such an appeal the statutes of this state prescribe of what the record shall consist, and the

decisions of this court as well as of the other courts are uniform in holding that if anything additional is in the transcript, the court in considering the case will entirely disregard it, and on motion will strike it out. Nothing in the transcript brought to the appellate court can be considered unless by the provisions of the statute, or bill of exceptions or statement, it is made a part of the record in the case. And on appeal from a judgment, without a statement or bill of exceptions having been properly prepared and settled in the case, nothing is brought up, or is a part of the record on appeal, except the judgment-roll; and no question arising outside of the judgment-roll can be considered. If any further record is required, it must be made in the form of a statement or bill of exceptions. (*Ramsey v. Hart*, 1 Idaho, 423; *Ray v. Ray*, 1 Idaho, 708 (top of page); *Bonner v. Powell*, 7 Idaho, 104, 61 Pac. 138; *Graham v. Linehan*, 1 Idaho, 780; *State v. Larkins*, 5 Idaho, 200, 47 Pac. 945; *Sharp v. Daugney*, 33 Cal. 515; *People v. Waters*, 1 Idaho, 561; *Dimick v. Campbell*, 31 Cal. 238; *Sutter v. San Francisco*, 36 Cal. 114; *Wetherbee v. Carroll*, 33 Cal. 553; *Emeric v. Alvarado*, 64 Cal. 595, 2 Pac. 418; *Amy v. Amy*, 12 Utah, 278, 42 Pac. 1125; *Abbott v. Douglass*, 28 Cal. 297; *Harper v. Minor*, 27 Cal. 107; *McAbee v. Randall*, 41 Cal. 137; *Douglas v. Dakin*, 46 Cal. 52; *McGill v. Rainaldi*, 11 Cal. 391; *Karth v. Orth*, 10 Cal. 193.) A motion to strike from the transcript portions thereof, not a part of the judgment-roll, under the provisions of our statute, and which has not been incorporated into a statement or bill of exceptions, as required by statute, will be sustained. (*Stickney v. Hanrahan*, 7 Idaho, 424, 63 Pac. 189; *Rich v. Franch*, 3 Idaho, 727, 35 Pac. 173; *Taylor v. McCormick*, 7 Idaho, 524, 64 Pac. 239; *Anderson v. Shoshone County*, 6 Idaho, 78, 53 Pac. 105; *First Nat. Bank of Lewiston v. Sampson*, 7 Idaho, 564, 64 Pac. 890; *Paul v. Cragnaz*, 25 Nev. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540; *Swartz v. Davis*, 9 Idaho, 238, 74 Pac. 800; *Robinson v. Kind*, 25 Nev. 261, 59 Pac. 866, 62 Pac. 705; *Reinhart v. Company D*, 23 Nev. 369, 47 Pac. 979; *Carr etc. v. Closser*, 25 Mont. 149, 63 Pac. 1043; *Hoppin v. First Nat. Bank*, 25 Nev. 84,

56 Pac. 1121.) The record shows that the cause was submitted in court, and there was, therefore, no error in hearing argument at chambers, and thereupon deciding the case. (*City of San Jose v. Shaw,* 45 Cal. 179; *Everett v. Buchanan,* 2 Dak. 253, 6 N. W. 439, 8 N. W. 31.) The supreme court will not take judicial notice of the adjournment of the district courts. (*Baker v. Knott,* 3 Idaho, 700, 35 Pac. 172.) This appeal is before the court upon the judgment-roll alone, and nothing can be considered except what appears upon the judgment-roll. (*Lamkin v. Sterling,* 1 Idaho, 120; *Smith v. Sterling,* 1 Idaho, 128; *Gamble v. Dunwell,* 1 Idaho, 268; *McCoy v. Oldham,* 1 Idaho, 465; *Hyde v. Harkness,* 1 Idaho, 638; *Ray v. Ray,* 1 Idaho, 705; *People v. O'Conrer,* 1 Idaho, 759; *Graham v. Linehan,* 1 Idaho, 780; *Berry v. Alturas Co.,* 2 Idaho, 296, 13 Pac. 233; *Washington etc. Co. v. Osborne,* 2 Idaho, 559, 21 Pac. 421; *Young v. Tiner,* 4 Idaho, 269, 38 Pac. 697; *Steffy v. Ester,* 6 Idaho, 228, 55 Pac. 239; *Zion etc. v. Armstrong,* 6 Idaho, 464, 56 Pac. 168; *Jones v. Quayle,* 3 Idaho, 640, 32 Pac. 1134; *Purdy v. Steel,* 1 Idaho, 216; *Swartz v. Davis,* 9 Idaho, 238, 74 Pac. 800; *Paine v. San Bernardino Traction Co.,* 143 Cal. 654, 77 Pac. 659; *Breeze v. Brooks,* 97 Cal. 77, 31 Pac. 742.) Under the authorities where a debtor owes a fixed sum of money, and is given an option to pay said sum in property, or in anything other than money, the duty rests upon the debtor to make such performance, and to tender such property during the time expressed in his option, or if no time is expressed within a reasonable time. And if he fails so to do, he loses his right so to pay, and the creditor can sue and recover in an action for the money due, without declaring upon the agreement containing said option. (*Wainwight v. Straw,* 15 Vt. 215, 40 Am. Dec. 675, 22 Am. & Eng. Ency. of Law, 2d ed., p. 543, par. b; *Baker v. Todd,* 6 Tex. 273, 55 Am. Dec. 775; *Edwards v. McKee,* 1 Mo. 123, 13 Am. Dec. 474; *Nesbitt v. Pearson,* 33 Ala. 673, par. 2; *Plowman v. Riddle,* 7 Ala. 775; *Smith v. Coolidge,* 68 Vt. 516, 54 Am. St. Rep. 902, 35 Atl. 432; *Crowl v. Goodenberger,* 112 Mich. 683, 71 N. W. 485; *Marlor v. Texas & Pac. R. R. Co.,* 21 Fed. 383; *Schnier v. Fay,*

12 Kan. 184; *Hall v. Hunter,* 4 G. Greene (Iowa), 542; *Plummer v. Keaton,* 9 Yerg. (Tenn.) 27; *New York News Pub. Co. v. Steamship Co.,* 148 N. Y. 39, 42 N. E. 514, and cases cited; *Sperry v. Johnson,* 11 Ohio, 453; *Perry v. Smith,* 22 Vt. 301.)

STOCKSLAGER, C. J.—This action was brought by the plaintiff to recover from the defendant, the Boise Basin Mining and Development Company, the sum of $4,000 alleged to be due plaintiff on or before April 28, 1900, as a balance of the purchase price of certain mining property sold for $100,000 to George H. Roberts, assignor of said defendant, the Boise Basin Mining and Development Company, and that plaintiff has a vendor's lien upon said mining properties. Defendants answered said complaint denying that either of them were indebted to plaintiff in any sum of money, and alleging, among other things, that on April 28, 1900, the plaintiff agreed in writing with said defendant, the Boise Basin Mining and Development Company, to accept $4,000 of securities of said defendant, the Boise Basin Mining and Development Company, as soon as they were issued, in full satisfaction of said balance of $4,000. A trial was had on February 25, 1904, before the court without a jury, and the findings and decision of the judge thereof were rendered on April 29, 1904, in vacation in which the judge rendered judgment against the said defendant, the Boise Basin Mining and Development Company, in the sum of $4,000. This appeal is from the judgment.

The above statement is taken from the brief of the appellants and seem, to fully state the record so far as it relates to the facts in the case. Only two errors are assigned by appellants: "1. That said judgment was rendered in vacation by the judge without any agreement of record of the parties that the same could be done out of term time; 2. The said judgment is not sustained by the findings."

The first question for us to determine is the motion of respondent to strike from the transcript that portion on pages 13 and 14, marked "Minutes of the court." Also that por-

tion on page 27 marked "Notice." Also that portion on page 29 marked 'Order fixing terms of court.' Also on page 30, marked "Certificate of clerk concerning time when judgment was made." On page 31, to wit: "Notice of decision of court, certificate of clerk as to terms of court and when judgment was rendered, order of judge fixing terms of court, and all orders and minutes of the court therein made and entered on the minutes of said court now remaining on file and of record in my office in said county."

This appeal being from the judgment only, it becomes necessary to determine what constitutes the record in this court. Subdivision 2 of section 4456, Revised Statutes, provides that: "The pleadings, a copy of the verdict of the jury, or findings of the court, or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment." Section 4818 says: "In an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment record, and of any bill of exceptions or statement in the case, upon which appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made upon the minutes of the court, as provided in section 4443." These two sections seem to settle beyond controversy what the judgment-roll shall contain, and what the record shall contain on appeal from the judgment alone. The notice of appeal is that "defendants hereby appeal to the supreme court of the state of Idaho, from the judgment of the above-entitled court, made and entered on the twenty-ninth day of April, 1904, and entered in the record of said court on said twenty-ninth day of April, 1904, in favor of said plaintiff, and against said defendants, and from the whole thereof."

The question of what the judgment-roll shall contain and of what the record shall consist on appeal from the judgment has many times been passed upon by this court. In January, 1872, Mr. Justice Hollister passed upon the question in case of *Ramsey v. Hart*, 1 Idaho, 423; the second paragraph of the syllabus says: "Nothing in a transcript brought to this

court can be considered, unless by the provisions of the statute or the order of the judge, it is made a part of the record of the case."

Again, in 1878, Mr. Justice Prickett in the case of *Ray v. Ray,* 1 Idaho, 705, speaking for the court, said: "There is no settled statement or bill of exceptions in the transcript in this case, and nothing can be considered except the judgment-roll. This court has repeatedly decided, and now affirms, that on an appeal from a judgment, without a statement or bill of exceptions, nothing belongs to the record, except the judgment-roll, and no question outside of that record can be considered by this court."

Again, in 1880, Mr. Justice Buck passed upon the question under consideration in case of *Graham v. Linehan,* 1 Idaho, 780. The second paragraph of the syllabus says: "Judgment-roll—What Constitutes.—The papers constituting the judgment-roll are specified in section 221 of the Civil Practice Act. Papers not enumerated therein cannot properly be inserted in the transcript, and if placed there, can constitute no part of the record." Third: "On appeal from a final judgment, if the record contains no bill of exceptions or statement, the case must be reviewed and decided upon the judgment-roll alone."

Many other cases are cited by learned counsel for respondent in support of his contention that the motion to strike from the transcript all entries not in conformity with the statute pertaining to a judgment-roll on appeal from final judgment should be sustained, but we do not think it necessary to further discuss the question. It has been the universally accepted doctrine of this court from the earliest history of the territory, down to the present time, that a motion of the character of the one before us should be sustained, and it is so ordered in this case. (*Stickney v. Hanrahan,* 7 Idaho, 424, 63 Pac. 189; *Rich v. French,* 3 Idaho, 727, 35 Pac. 173; *Taylor v. McCormick,* 7 Idaho, 524, 64 Pac. 239; *Anderson v. Shoshone Co.,* 6 Idaho, 78, 53 Pac. 105; *First Nat. Bank of Lewiston v. Sampson,* 7 Idaho, 564, 64 Pac. 890.)

240    Williams *v.* Boise Basin Min. etc. Co.    [11 Idaho,

Opinion of the Court—Stockslager, C. J.

Learned counsel for appellants insist that "The evidence in this case was submitted to the court without a jury in regular session on February 25, 1904, and on March 2, 1904, said session of the court adjourned *sine die;* that on April 29, 1904, the judgment herein was rendered by the judge in vacation without any agreement of record of the parties that the same could be rendered out of term time. This being the case, we contend that a judgment rendered in vacation without any agreement of record of the parties that the same could be done is a nullity and therefore void." This question is not properly before us for determination. When we examine the record, that is, all the record that is legally before us, there is nothing to show that the judgment was not rendered and entered in term time. If appellants desired to present this question to this court the statute provides a way in which it may be done. It is next earnestly insisted by counsel for appellant that "The judgment is not sustained by the findings. It is elementary that the findings of fact must support the judgment, and if not, the judgment will be reversed by the appellate court. The plaintiff sues upon a contract made in 1898, for a balance of $4,000 alleged to be due on or before April 28, 1900. The court finds that on said April 28, 1900, an agreement was entered into between plaintiff and 'the said defendant,' by which 'the said defendant' was to pay to plaintiff $13,000 in cash, and was given an option to pay $4,000 in securities of said Boise Basin Mining and Development Company as soon as they were issued. According to the court's findings the contract upon which this action is based was on April 28, 1900, settled and ended and an entirely new and different contract was entered into on that date, of which no reference is made in plaintiff's complaint." •

After reciting that plaintiff was the owner of certain real property, and about the —— day of ————, 1898, describing the same, the complaint alleges that he entered into an agreement to sell said property to George H. Roberts, who assigned or transferred his rights under said agreement to defendant, the Boise Basin Mining and Development Com-

pany, the amount to be paid plaintiff under said agreement was the sum of $100,000, and in pursuance of said contract or agreement and at the request of defendant, the Boise Basin Mining and Development Company, plaintiff, on the twentieth day of April, 1900, duly executed and delivered to W. H. Steigerwalt and R. H. Rushton, as trustees for defendant, the Boise Basin Mining and Development Company, his deed conveying said property to them in trust for the Boise Basin Mining and Development Company. That the defendant, the Boise Basin Mining and Development Company, paid to this plaintiff $96,000, part of said purchase money, and promised and agreed to pay the balance of said purchase money, to wit, the sum of $4,000 on or before April 28, 1900; that said defendant failed to pay to plaintiff said balance of said purchase money. Then follows prayer for judgment for $4,000, with interest from the twenty-eighth day of April, 1900, at the rate of seven per cent.

The defendants answered this complaint admitting that the Boise Basin Mining and Development Company paid to plaintiff $96,000, part of said purchase price, as alleged, and promised and agreed to pay the balance of said purchase money on or before the twenty-eighth day of April, 1900. Admit that defendant, the Boise Basin Mining and Development Company, failed to pay to plaintiff said balance, to wit, $4,000, but denies that all of said sum of $4,000, or any sum of money, is now due and unpaid from defendant, the Boise Basin Mining and Development Company, or either of defendants, to plaintiff, but allege the fact to be of the failure and reason of the Boise Basin Mining and Development Company not paying said $4,000, that on the twenty-eighth day of April, 1900, the defendant, the Boise Basin Mining and Development Company, by its duly authorized agents and trustees, R. H. Rushton and W. H. Steigerwalt, agreed to pay, and the plaintiff agreed in writing to accept, $4,000 of securities of defendant, the Boise Basin Mining and Development Company, as soon as the same were issued by said company, being bonds secured by a mortgage which the said defendant, the

Boise Basin Mining and Development Company, intended placing, and did place, upon the property described in plaintiff's complaint in full satisfaction of said balance of $4,000 in money claimed and alleged to be due plaintiff from defendant, the Boise Basin Mining and Development Company, and as a compromise thereof. That on or about the twenty-ninth day of March, 1902, and divers times prior thereto, defendant, the Boise Basin Mining and Development Company, offered to turn over and deliver to the plaintiff the $4,000 of securities of said defendant, the Boise Basin Mining and Development Company, but the plaintiff at all times refused, and still refuses, to accept said securities so agreed to be accepted by him; that said defendant, the Boise Basin Mining and Development Company, has performed all of the terms and conditions of said written agreement on its part, and ever since has been, and is still, ready and willing to turn over and deliver to plaintiff said $4,000 of securities, and now produces the same in court to be turned over and delivered to plaintiff.

Upon these issues the case was tried, a jury having been waived, and upon the disputed questions the court made the following findings: "That said defendants had made payments on the purchase price of said property, from time to time, to plaintiff, until April 28, 1900, upon which date it was indebted to the plaintiff as a part of the purchase price of said property in the sum of $17,000; that upon said last-mentioned date plaintiff and the said defendant entered into an agreement by which said defendant was to pay the plaintiff $13,000 in cash, and was given an option to pay the balance of $4,000 due on the purchase price of said property in such securities of the Boise Basin Mining and Development Company as might be issued for the purpose of taking up and retiring the obligation incurred by said company in adjusting the balance due the said party of the first part for the purchase of said real property described, . . . . and providing that said securities should be turned over to plaintiff as soon as the same were issued. That the amount of securities to be issued, and in which the defendant had the option of pay-

ing said balance of said $4,000 was to be limited to the amount required to retire the said balance then due the plaintiff on the purchase price of said property. 3. That on the first day of June, 1900, defendant, the Boise Basin Mining and Development Company, issued its registered bonds in the sum of $50,000, secured by a mortgage on said property in favor of the defendant, R. H. Rushton, who was an officer of said defendant company. 4. That said defendant failed and refused to exercise its option to pay said $4,000 due the plaintiff in the securities of the company, and failed and refused to make any settlement of said matter with the plaintiff, though frequent demands therefor were made by the plaintiff on the said defendant, from June, 1900, to the time when this suit was filed. 5. That said defendant failed and neglected to make any offer or tender of the $4,000 or any other amount of the issue of $50,000 in registered bonds made by said company on the first day of June, 1900, or of any other securities of the said company, until after the commencement of this suit.''

By this record it is shown that appellants present the issue of payment in the securities of the Boise Basin Mining and Development Company of the balance due plaintiff of $4,000 which is conceded by the answer, the only dispute being that plaintiff in his complaint demands a money judgment, and the defendants in the answer concede that there is $4,000 due plaintiff, but say that by a certain written contract it was to be paid in the securities of the company. This issue was tried by the court as shown by the findings, and it is also shown by the findings that there was a contract between plaintiff and defendants that the $4,000 should be paid in the securities of the company. That the Boise Basin Mining and Development Company issued its registered bonds in the sum of $50,000 secured by a mortgage on the property described in the complaint on the first day of June, 1900, to defendant R. H. Rushton, who was an officer of said defendant company. It is also found by the court that defendant failed and refused to exercise its option to pay said $4,000 in its securities, and failed and refused to make any settlement

with plaintiff though frequent demands were made by plaintiff on defendant from June, 1900, to the time when this suit was filed, which it is shown was on the ninth day of April, 1903, and that defendant failed and neglected to make any offer or tender of the $4,000, or any other amount of the said issue of $50,000 in registered bonds made by said company on the first day of June, 1900, or any other securities of said company until after the commencement of this suit.

Now, with the findings of the court and the fact conceded by defendant, the Boise Basin Mining and Development Company, that it was indebted to plaintiff in the sum of $4,000 on the twenty-eighth day of April, 1900, not claiming that such amount had ever been paid either in money or the securities of the company averred by it to have been agreed upon by plaintiff and defendant, and none of the evidence upon which the trial court based its findings being before us, for review, and the further fact that formerly the judgment of $4,000 was to be in money rather than in the securities of the company, it occurs to us that the judgment must be affirmed, and it is so ordered, with costs to respondent.

Ailshie, J., and Sullivan, J., concur.