(January 26, 1910.)

RAYMOND A'. NIMS, Appellant, v. J. M. GILMORE et al.,
Respondents.

[107 Pac. 79.]

LOCAL OPTION STATUTE—CONSTITUTIONALITY—INJUNCTION—CRIMINAL PROSECUTIONS.

1. The decision in *Gillesby v. Board of County Commissioners, ante,* p. 586, holding local option statute constitutional, followed and approved.

2. An injunction will not issue, upon the application of a person holding a license authorizing such person to sell and dispose of intoxicating liquors in a county, to restrain the prosecuting attorney from enforcing the local option statute in said county, upon the ground that such statute has not been legally adopted by the electors of said county.

3. A person has no vested right to sell intoxicating liquors, and a license authorizing sales to be made confers no property right upon the holder of such license; and the fact that prosecutions may be waged against the holder would not invade or destroy any property right, and would not authorize an injunction to issue restraining prosecutions, upon the ground that the holder of such license would suffer irreparable injury.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for Idaho County. Hon. Edgar C. Steele, Judge.

Application to enjoin the prosecuting attorney from prosecuting violations of the local option statute on the ground that it has never been adopted in the county of Idaho.

From an order denying the injunction this appeal is taken. *Affirmed.*

Chas. L. McDonald, for Appellant.

Our statute defining the grounds upon which an injunction will issue is extremely broad, and as construed by this court it is to the effect that where an injunction will give the needed relief more expeditiously and completely than any other remedy, it may issue, regardless of whether or not the injury complained of is irreparable, and notwithstanding there may be legal remedies that may be invoked. (Sec. 4288, Rev. Codes; *Meyer v. Bank,* 10 Ida. 175, 77 Pac. 334; *Price v. Grice,* 10 Ida. 443, 79 Pac. 387.)

"An injunction is proper to restrain an officer from acting under an unconstitutional or otherwise invalid statute where irreparable injury to complainant will result therefrom." (22 Cyc. 884, 892.)

"Courts of equity have power to enjoin public officers who are proceeding under a claim of right and are about to impair property rights or cause a multiplicity of suits by their actions." (*State ex rel. Ladd v. District Court* (N. D.), 115 N. W. 675; *Smith v. Bangs,* 15 Ill. 400; *Mohawk & H. R. Co. v. Artcher,* 6 Paige, 83; *Schuster v. Met. B. of H.,* 49 Barb. 450; *Jewett Bros. v. Smail,* 20 S. D. 232, 105 N. W. 738; *Minneapolis Brewing Co. v. McGillivray,* 104 Fed. 258; *American School v. McAnnulty,* 187 U. S. 94, 23 Sup. Ct. 33, 47 L. ed. 90.)

"Where property rights will be destroyed, unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a court of equity." (*Baseball Club v. New Orleans,* 118 La. 228, 118 Am. St. 366, 42 So. 784, 7 L. R. A., N. S., 1014; *L'Hote v. New Orleans,* 51 La. Ann. 96, 24 So. 608, 44 L. R. A. 90; High on Injunctions, sec. 68; *Dobbins v. Los Angeles,* 195 U. S. 241, 25 Sup. Ct. 18, 49 L. ed. 169; *McFarlain v. Jennings,* 106 La. 545, 31 So. 62; *Atlanta v. Gate City Gas Co.,* 71 Ga. 106; *Port of Mobile v. Louisville & N. R. Co.,* 84 Ala. 125, 5 Am. St. 342, 4 So. 106; *Davis v. Fasig,* 128 Ind. 271, 27

N. E. 727; *Fellows v. City of Charleston,* 62 W. Va. 665, 125
Am. St. 990, 59 S. E. 623, 13 L. R. A., N. S., 737, and cases
cited therein; *City of Austin v. Cemetery Assn.,* 87 Tex.
330, 47 Am. St. 114, 28 S. W. 528; *Sweeney v. Webb,* 33
Tex. Civ. App. 324, 76 S. W. 768.)

In the litigation arising over the enforcement of local
option statutes, the supreme court of Oregon has repeatedly
held that a court of equity has jurisdiction to restrain by
injunction the enforcement of the law when the election by
which it was adopted was invalid. (*Sandys v. Williams,* 46
Or. 327, 80 Pac. 642; *Hall v. Dunn,* 52 Or. 475, 97 Pac. 812;
*Guernsey v. McHaley,* 52 Or. 555, 98 Pac. 158.)

J. M. Gilmore, Pros. Atty. of Idaho County, for Respond-
ents.

The validity of an election held under local option law
is not open to impeachment or attack in collateral proceed-
ings. A bill in equity will not lie to restrain the authorities
from declaring the local option law to have been adopted
at the election, or from putting it in force, on the ground
that the complainant, a licensed dealer, would be injured in
his business by the enforcement of the local option law. (23
Cyc. 101.)

"The imperfection of a law will not render it void, unless
it is so imperfect as to render it utterly impossible to execute
it." (*Cochran's Lessees v. Loring,* 17 Ohio, 427; *Winter
v. Jones,* 10 Ga. 200, 54 Am. Dec. 379; Sutherland, Stat.
Const., 2d ed., 140; *Sawyer v. State,* 45 Ohio St. 343, 13
N. E. 84.)

D. C. McDougall, Attorney General, J. H. Peterson, As-
sistant Attorney General, and O. M. Van Duyn, Assistant
Attorney General, for Respondents.

Election procedure or the results cannot be attacked in a
collateral proceeding. The remedy provided by statute is
exclusive. (*State v. O'Brien,* 35 Mont. 482, 90 Pac. 515;
23 Cyc. 101 (d); 15 Cyc. 394, 395; 10 Am. & Eng. Ency.
816; 19 Am. & Eng. Ency. 509; *Allen v. Burrow,* 69 Kan.

812, 77 Pac. 555; 2 Am. & Eng. Ann. Cas. 539, and notes; *Doan v. Logan Co.,* 3 Ida. 38, 26 Pac. 167.)

A court of chancery has no power to restrain criminal proceedings, unless they are instituted by a party to a suit already pending before it, to try the same right that is in issue there. (*Ex parte Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482, 31 L. ed. 402; *Fitts v. McGhee,* 172 U. S. 530, 19 Sup. Ct. 269, 43 L. ed. 535; *Telegraph Co. v. Powers,* 140 Ala. 220, 37 So. 195; 1 Am. & Eng. Ann. Cas. 119; Spelling on Injunctions, 2d ed., sec. 71; High on Injunctions, 4th ed., secs. 20, 68, 272, 1244; 22 Cyc. 903; *Harding v. Commrs. Court,* 27 Tex. Civ. App. 25, 65 S. W. 56; *Norton v. Alexander,* 28 Tex. Civ. App. 466, 67 S. W. 787.)

Exercise of police powers is not interfered with by injunction. (1 Spelling on Injunctions, sec. 628.)

As to the plaintiff's claim of equitable relief, on the ground of informalities in the election proceedings, the authorities above cited clearly show that he is not entitled to such relief, if the local option law is held constitutional. (*State v. O'Brien,* 35 Mont. 482, 90 Pac. 515.)

STEWART, J.—On Aug. 25, 1909, a special election was held in Idaho county, under the act of Feb. 20, 1909 (Laws of 1909, p. 9), known as the local option statute. At the time such election was held, and on Nov. 23d thereafter, the appellant herein was engaged in the business of retailing intoxicating liquors in the town of Cottonwood in said county, under a license granted to him by the board of county commissioners of said Idaho county in July, 1909, said license to be in effect for a period of one year from said date. Subsequent to the holding of such election and prior to the commencement of this action, the respondent, J. M. Gilmore, prosecuting attorney of Idaho county, notified the plaintiff that by virtue of the result of such election and from and after Nov. 23, 1909, his license under which he was doing business in said county would be canceled and revoked; and that in the event the said plaintiff continued in said business

of selling intoxicating liquors from and after Nov. 23, 1909, he would be prosecuted as a criminal and law-breaker.

This action was instituted by appellant, after the appellant had received such notice from the prosecuting attorney, to restrain the respondents from taking any steps, or in any way interfering with the plaintiff conducting his business at the town of Cottonwood in said county, under or by virtue of said license, and from making any order revoking or canceling the said license. The matter was heard by the judge of the district court in and for said county, whether a temporary injunction should issue as prayed for in the complaint. After hearing the judge made an order "and adjudged and this does order and adjudge that the application of the plaintiff for a temporary restraining order herein be and the same is hereby denied." From this order this appeal was taken.

Appellant presents two questions: First, is the act of Feb. 20, 1909, known as the local option statute, constitutional? Second, has such statute been adopted by the electors of Idaho county in the manner provided therein and therefore become a law in said county?

The first question, including objections made by appellant to the validity of several separate sections of the local option statute, has been answered by this court in the decision in the case of *Gillesby v. The Board of Commissioners of Canyon County, ante,* p. 586. As to the second question, counsel for appellant contends that inasmuch as the law has not been complied with in petitioning for the election, calling and giving notice of such election, and the holding of an election in certain precincts, that therefore the local option statute has not been adopted by the electors of Idaho county and has not become operative in such county; and by reason of which fact appellant's license is in full force and effect, and protects him in the sale and disposition of intoxicating liquors, and to carry out the threats and purposes of the prosecuting attorney of said county would be to deprive him of his legal rights and cause him to sustain irreparable injury to his business, and for which there is no adequate remedy at law.

Sec. 8 of the local option statute provides: "If a majority of the votes cast at an election held under the provisions of this act shall be in favor of the proposition so submitted, then after ninety days from the date of said election, all licenses for the sale of intoxicating liquors granted in the county after the passage of this act, shall become void and be of no force or validity." It follows, therefore, that if the local option statute was adopted in said county, the appellant's license was revoked and rendered void by operation of law, and that no duty is imposed by the statute upon the board of county commissioners requiring any action upon their part with reference to revoking such license; and it is apparent that under the facts of this case the appellant is not entitled to any relief against the board of county commissioners. If the local option statute was not adopted by the electors of said county, then the appellant's license would be in full force and effect, and he would be protected thereby in a prosecution under the local option statute; and ·if a prosecution were brought against him, under the local option statute, he would have full opportunity and could defend upon the ground that the sale made by him was not in violation of law, because the local option statute had not been adopted in said county, and that he held a license from the proper authorities in said county authorizing him to carry on the business of selling and disposing of intoxicating liquors, and would thus be given full opportunity to protect his rights under his license in a defense to such prosecution.

It will thus be seen that the purpose of this action, after the constitutionality of the statute is determined, is an effort to enjoin the institution and prosecution of criminal suits against the appellant for violations of an alleged statute.

It may be stated as a general proposition of law that courts of equity will not, as a general rule, interfere to restrain criminal or *quasi*-criminal prosecutions, or take jurisdiction of any case or matter not strictly of a civil nature. (2 Story's Equity Juris., sec. 893; 2 Daniel Ch. Pr. 1620; 1 Spelling on Injunctions, 2d ed., sec. 71; *Moses v. Mayor etc. Mobile,* 52 Ala. 198; *Fitts v. McGhee,* 172 U. S. 516, 19 Sup.

Ct. 269, 43 L. ed. 535; *In re Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482, 31 L. ed. 402; *Davis v. American Society etc.,* 75 N. Y. 362; *Crighton v. Dahmer,* 70 Miss. 602, 35 Am. St. 666, 13 So. 237, 21 L. R. A. 84, and note on page 670; 16 Am. & Eng. Ency. of Law, 2d ed., p. 370; *Brown v. Birmingham,* 140 Ala. 590, 37 So. 173; *Paulk v. Mayor,* 104 Ga. 24, 69 Am. St. 128, 30 S. E. 417, 41 L. R. A. 772; *Suess v. Noble,* 31 Fed. 855.) Of course there are exceptions to this rule, such as that a court of equity will interfere with criminal proceedings when the criminal proceedings are instituted by persons who have already submitted their claims to a court of equity, when the trial of such criminal proceeding would involve the same right as was in issue in the civil suit. (*Crighton v. Dahmer,* 35 Am. St. 680, note.) Also, where an injunction is sought to prevent irreparable injury and a multiplicity of suits. (22 Cyc. 892; *Third Ave. R. R. Co. v. Mayor,* 54 N. Y. 159; *Poyer v. Des Plaines,* 123 Ill. 111, 5 Am. St. 494, 13 N. E. 819.) And other exceptions may be found in isolated cases, but the exceptions above noted are those most generally recognized by the courts as the basis for sustaining an injunction sought against the enforcement of a criminal statute. But the facts of this case do not bring it within the exceptions above noted or within any exception, in our judgment, sufficient to authorize the court in restraining the prosecuting attorney from enforcing the law. If the local option statute has not been adopted in Idaho county in accordance with its provisions and is not in operation, and the defendant is arrested for a violation thereof, he can urge such matter when prosecuted under such statute. Of course, if it were not a law in Idaho county, the appellant would not be amenable to its provisions and could not be punished for violating its provisions; and the fact that if arrested he may show that such statute has not been adopted in said county affords him a plain and adequate remedy. (*Paulk v. Mayor,* 104 Ga. 24, 69 Am. St. 128, 30 S. E. 417, 41 L. R. A. 772; *Poyer v. Des Plaines,* 123 Ill. 111, 5 Am. St. 494, 13 N. E. 819; *Denver v. Beede,* 25 Colo. 172, 54 Pac. 624.)

It is not sufficient to say that if the prosecuting attorney is not restrained, the appellant may be arrested successive times and thereby be subjected to great expense and disgrace, and injured socially in the community, as this same argument would alike apply to arrests generally under penal statutes, even though acquitted upon the charge made, and the mere fact that if the appellant is arrested he will be disgraced is not a reason why a court of equity will enjoin such arrest, because if the power of the court could be called to his aid, under such circumstances, then we apprehend that the entire time of the courts of the state would be taken up with hearing applications for injunction against prosecuting officers who were seeking to punish alleged violators of the law. It is sufficient if the law affords the appellant full and adequate opportunity to have determined in a criminal action the question which he seeks to have determined upon his application for injunction. If so, then an adequate remedy is provided and the injunction should not be granted. But counsel for appellant contends that if prosecutions are permitted against the appellant, he will suffer irreparable injury. Counsel, however, overlook the fact that a license to sell intoxicating liquors is not a contract between the state and the licensee, but is a permission only, and that it is subject at all times to the control of the state, and may be revoked and terminated without the state in any way being obligated to the licensee for any damages that may result to him by reason of the state's action. In other words, a person has no vested right to sell intoxicating liquors, and a license confers no property right, and to annul or set aside such license takes away from the license holder no property right; and the fact that prosecutions may be waged against the appellant would not invade, injure or destroy any property right any more so than prosecutions against any other person, and the mere fact that the appellant holds a license to sell intoxicating liquors would not vest him with any property right which would entitle him to any damages by reason of the revocation and cancellation of such license.

This court in two different cases (*State v. Boise*, 5 Ida. 519, 51 Pac. 110, and *State v. McGraw*, 6 Ida. 635, 59 Pac. 178), has recognized the right of a defendant in a criminal prosecution, under a statute, to urge that such statute has not been passed or enacted in accordance with the provisions of the constitution, and upon the same principle if the defendant be charged with a violation of the local option statute he could urge that the local option statute has not been adopted by the electors of Idaho county in accordance with the method provided in the statute, and therefore was not in operation in said county; and we may very properly conclude in the language of Justice Harlan in the opinion in *Fitts v. McGhee, supra;*

"If, because they were law officers of the state, a case could be made for the purpose of testing the constitutionality of the statute by an injunction suit brought against them, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and the attorney general, based upon the theory that the former as the executive of the state was, in a general sense, charged with the execution of all its laws, and the latter, as attorney general, might represent the state in litigation involving the enforcement of its statutes. That would be a very convenient way for obtaining a speedy judicial determination of questions of constitutional law which may be raised by individuals, but it is a mode which cannot be applied to the states of the Union consistently with the fundamental principle that they cannot, without their assent, be brought into any court at the suit of private persons. If their officers commit acts of trespass or wrong to the citizen, they may be individually proceeded against for such trespasses or wrong. Under the view we take of the question, the citizen is not without effective remedy when proceeded against under a legislative enactment void for repugnancy to the supreme law of the land; for, whatever the form of proceeding against him, he can make his defense upon the ground that the statute is unconstitutional and void. And that question can be ultimately brought to this court for final determination."

While it would be a speedy remedy, upon application for an injunction against the officers whose duty it is to enforce the law, to have determined the question whether or not a statute has been legally enacted, or had become a law in a particular district by a vote of the electors of such district, yet to sustain such proceedings would be inconsistent with the power and jurisdiction vested in the courts of the state, and would place in the hands of every individual the power absolutely to prevent the administration of the criminal laws of the state.

We are satisfied that the trial court committed no error in denying the injunction. The judgment is *affirmed.* Costs awarded to *respondent.*

Sullivan, C. J., and Ailshie, J., concur.